EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Samuel Berríos Román | Certiorari |
|---|---|
| Recurrido | |
| v. | 2007 TSPR 118 |
| Estado Libre Asociado de Puerto Rico | 171 DPR _____ |
| Peticionario | |

Número del Caso: CC-2005-734

Fecha: 7 de junio de 2007

Tribunal de Apelaciones:

Región Judicial de Caguas-Panel XI

Juez Ponente:

Hon. Ivonne Feliciano Acevedo

Oficina del Procurador General:

Lcda. Rosa Elena Pérez Agosto
Procuradora General Auxiliar

Lcdo. Salvador J. Antonetti Stutts
Procurador General

Abogado de la Parte Recurrida:

Lcdo. Iván L. Montalvo Burgos

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Samuel Berríos Román

    Recurrido

      v.                        CC-2005-734

Estado Libre Asociado de
Puerto Rico

    Peticionario

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 7 de junio de 2007

        Tenemos la ocasión de interpretar la extensión del requisito de notificación al Estado como condición previa a la presentación de una demanda en daños en la que se reclama responsabilidad del soberano por su culpa o negligencia. Específicamente, debemos examinar el alcance de la "justa causa" que exime al reclamante de cumplir con el requisito de notificación al Estado bajo la Ley de reclamaciones y demandas contra el Estado, Ley núm. 104 de 29 de junio de 1955 (en adelante Ley. núm. 104), según enmendada, 32 L.P.R.A. secs. 3077-3092a.

**I.**

El 27 de agosto de 2003, el señor Samuel Berríos Román (en adelante señor Berríos) presentó demanda en daños y perjuicios contra el Estado Libre Asociado, la Autoridad de Carreteras, el Departamento de Transportación y Obras Públicas y sus respectivas compañías aseguradoras. En su demanda, alegó que el 13 de octubre de 2002, mientras transitaba en su motora por la Carretera Núm. 30, Km 6.8 ubicada en el Municipio de Gurabo, sufrió un accidente que le causó varias lesiones corporales. Según adujo en la demanda, perdió el control de su motora y cayó al suelo por causa de las pésimas condiciones de la carretera la cual adujo tenía varios huecos y el asfalto desprendido. Además, indicó que "por justa causa no notificó al Gobierno dentro del término de 90 días, ya que… desconocía el procedimiento a seguir antes de radicar [sic] la demanda." *Véase* apéndice del recurso de *certiorari* págs. 38-40.

El 3 de septiembre de 2003 se diligenció el emplazamiento a nombre del Estado Libre Asociado. El 13 de mayo de 2003, por conducto de la representación legal del Departamento de Justicia, el Estado Libre Asociado presentó una moción en solicitud de desestimación. En ésta, alegó que procedía desestimar la demanda presentada por el señor Berríos debido a que éste no había cumplido con el requisito de remitirle una notificación escrita al Secretario de Justicia según requiere el artículo 2A de la Ley de reclamaciones y demandas contra el Estado, Ley núm.

104. 32 L.P.R.A. sec. 3077a. Indicó que a pesar de que los hechos ocurrieron el 13 de octubre de 2002 y que desde esa fecha el señor Berríos advino en conocimiento de los daños sufridos, éste no notificó al Secretario de Justicia los detalles del accidente y tampoco presentó su demanda en daños dentro del término de 90 días dispuesto en la Ley núm. 104. *Id.*

Por su parte, el señor Berríos alegó en su réplica a la solicitud de desestimación que no procedía desestimar su demanda porque el Estado tenía constancia efectiva de la identidad de los testigos y no existía riesgo de pérdida de la evidencia objetiva. *Véase* apéndice del recurso de *certiorari* págs. 11-13. Con el beneficio de los argumentos de las partes, el Tribunal de Primera Instancia dictó sentencia el 27 de diciembre de 2004 y desestimó la demanda del señor Berríos por falta de notificación al Estado.

Oportunamente, el señor Berríos presentó una moción de reconsideración en la que alegó que no notificó oportunamente al Estado porque luego del accidente estuvo hospitalizado, se sometió a dos cirugías y estuvo enyesado. Según indicó en su moción de reconsideración, dicha condición de salud le impidió realizar gestiones oficiales de clase alguna durante los tres meses posteriores al accidente. Además, expuso que no había peligro de desaparición de evidencia debido a que los únicos testigos eran los miembros de la Policía que intervinieron en el accidente, el personal que le prestó primeros auxilios y

los propios médicos del Estado. Empero, el foro primario denegó dicha moción de reconsideración.

Insatisfecho, el señor Berríos acudió al Tribunal de Apelaciones. En síntesis, alegó que erró el Tribunal de Primera Instancia al desestimar la demanda pues de los hechos del caso surgía que el Estado fue el primero en tener conocimiento de los daños sufridos por el señor Berríos. Además, indicó que no existía riesgo de pérdida de la evidencia. El Tribunal de Apelaciones revocó la sentencia del foro primario. Entendió que el Estado Libre Asociado no se encontraba en estado de indefensión o desventaja indebida en la preparación de su defensa debido a que la información pertinente al pleito estaba en manos de sus empleados u oficiales y no existía riesgo de que desapareciera.

Oportunamente, el Procurador General acudió ante nosotros mediante recurso de *certiorari*. Expedimos el auto el 18 de noviembre de 2005 y le concedimos término a las partes para presentar sus alegatos. El Procurador General presentó su alegato el 24 de mayo de 2006. Luego de concederle un término final a la parte recurrida para presentar el suyo, procedemos a resolver la controversia ante nuestra consideración sin el beneficio de su comparecencia.

**II.**

En su recurso de *certiorari,* el Procurador General levantó dos señalamientos de error. En esencia, adujo que

erró el Tribunal de Apelaciones al eximir al señor Berríos de demostrar que tuvo justa causa para no cumplir con el requisito de notificación al Estado y al concluir que éste podía incumplir con el requisito de notificación debido a que la prueba pertinente en este caso consta en expedientes públicos y es de fácil corroboración para el Estado.

En primer término, el Procurador General alega que el señor Berríos nunca estableció la existencia de justa causa para incumplir con el requisito de notificación. Indica que aun si aceptáramos que el señor Berríos tuvo justa causa para no notificar al Estado durante los tres meses posteriores al accidente por razón de su incapacidad, éste no demostró justa causa para no haber enviado dicha notificación entre el mes de enero de 2003, luego de que alegadamente cesó su incapacidad, y el 3 de septiembre de 2003, fecha en la que emplazó al Estado.

En segundo término, el Procurador General aduce que en ausencia de justa causa para no haber notificado al Estado la ocurrencia del accidente, no procede eximir al señor Berríos de cumplir con el requisito de notificación bajo el fundamento de que la prueba está en manos del Estado y es de fácil corroboración. Sobre esto, indica que los informes médicos del señor Berríos y el informe policial preparado en este caso no son las únicas piezas de evidencia necesarias para preparar la defensa del Estado y que era necesario realizar una inspección de las alegadas

condiciones peligrosas de la carretera en la que el señor Berríos aduce ocurrieron los hechos.

**III.**

La doctrina de inmunidad soberana impide que se presenten reclamaciones judiciales contra el Estado a menos que éste consienta a ser demandado. *Defendini Collazo et. al. v. E.L.A., Cotto,* 134 D.P.R. 28, 40 (1993).

En el año 1913, la decisión del Tribunal Supremo federal en *People of Porto Rico v. Rosaly y Castillo*, 227 U.S. 270 (1913), asentó la doctrina de inmunidad soberana en nuestro ordenamiento. El reconocimiento de dicha inmunidad del Estado Libre Asociado propició que nuestra Asamblea Legislativa aprobara una serie de estatutos que, a través de los años, han autorizado cierto tipo de demandas contra el Estado. En el año 1916, nuestra Asamblea Legislativa autorizó demandas contra el Estado en acciones de reivindicación de bienes muebles o inmuebles y en acciones para reclamar daños y perjuicios contractuales. 1976, Leyes de Puerto Rico, 155, 156-57. *Véase además Defendini Collazo et. al. v. E.L.A., Cotto, supra* en la pág. 47. Luego, la Ley número 11 de 18 de abril de 1928, enmendó la Ley núm. 76 y permitió demandas contra el Estado por daños y perjuicios. 1928, Leyes de Puerto Rico, 131, 133.

El desarrollo estatutario de la doctrina de inmunidad soberana en Puerto Rico continuó en el año 1955 con la aprobación de la Ley de reclamaciones y demandas contra el

estado, Ley núm. 104 de 29 de junio de 1955. Mediante dicho estatuto, el Estado consintió a ser demandado en daños y perjuicios por actuaciones y omisiones culposas o negligentes de sus funcionarios, empleados o agentes, en el desempeño de sus funciones. Art. 6, Ley núm. 104 de 29 de junio de 1955, 32 L.P.R.A. sec. 3081.

Al aprobar la Ley núm. 104, nuestra Asamblea Legislativa ejerció su prerrogativa de imponer las condiciones bajo las cuales el Estado renunciaría parcialmente a su inmunidad soberana. *Véase Defendini Collazo et. al. v. E.L.A., Cotto*, *supra,* págs. 57-59. De esta forma, la renuncia parcial a la inmunidad soberana del Estado Libre Asociado vino acompañada de limitaciones y salvaguardas procesales que rigen la forma en que un perjudicado podrá reclamar indemnización del soberano.

Por ejemplo, en su artículo 6, la Ley núm. 104 excluyó de su ámbito de aplicación las actuaciones intencionales o constitutivas de delito realizadas por funcionarios del Estado y las actuaciones discrecionales de dichos funcionarios en el desempeño de sus deberes. 32 L.P.R.A. sec. 3081. Otra cortapisa estatutaria a la facultad de demandar al Estado es el límite a la cuantía que todo reclamante puede obtener al demandar al soberano.[1]

---

[1] La Ley núm. 104 de 29 de junio de 1955 dispuso que dicho límite sería de $15,000. En el 1965, la Ley núm. 111 de 30 de junio de 1965 aclaró que la cantidad máxima compensable cuando la acción u omisión de un funcionario público cause daños a más de una persona o cuando el reclamante cuente con más de una causa de acción, será de $30,000. 1965 Leyes de Puerto Rico 331. Empero, la Ley núm. 30 de 25 de

Al amparo de su poder de reglamentar la forma en que un perjudicado puede demandar al Estado, nuestra Asamblea Legislativa aprobó la Ley núm. 121 de 2 de junio de 1966. 1966 Leyes de Puerto Rico, 396-97. Dicho estatuto enmendó la Ley núm. 104 y añadió el requisito de notificación al Secretario de Justicia como condición previa de cumplimiento estricto para presentar una demanda contra el Estado. En virtud de dicha enmienda, desde el año 1966, el artículo 2A de la Ley núm. 104 dispone que toda persona que tenga una reclamación en contra del Estado Libre Asociado por daños causados por su culpa o negligencia, deberá presentar al Secretario de Justicia una notificación escrita dentro de los 90 días siguientes a la fecha en que tuvo conocimiento de los daños reclamados. 32 L.P.R.A. sec. 3077a. En dicha notificación, el reclamante debe hacer constar "la fecha, sitio, causa y naturaleza del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia." *Id.*

Según se desprende del contenido del Proyecto de la Cámara núm. 492, el cual le dio vida al requisito de notificación, la preocupación del legislador al añadir esta nueva exigencia procesal fue la siguiente:

_____

septiembre de 1983 dispuso que la cuantía máxima compensable será de $75,000 y de $150,000 cuando por acción u omisión un funcionario público le cause daños y perjuicios a más de una persona o cuando un reclamante tenga varias causas de acción. 32 L.P.R.A. sec. 3077. En *Defendini Collazo et. al. v. E.L.A., Cotto, supra,* confirmamos la validez constitucional de dichos límites económicos.

En muchos casos y por diversas razones, las acciones se radican cuando ya está para finalizar el término y ocurre que el Estado, por el tiempo transcurrido desde que ocurrieron los alegados daños, se encuentra con problemas de falta de información o información deficiente en cuanto a los hechos, y a[u]n con la circunstancia de la reorganización de una agencia o dependencia como resultado de lo cual se han extraviado los récords [*sic*] que hacen referencia al accidente u origen de los daños, así como con el movimiento de testigos presenciales, cuyo paradero se ignora al momento en que se notifica de la acción, todo ello en perjuicio de la oportunidad amplia que debe tener el Estado para hacer las alegaciones correspondientes y establecer las defensas en estos casos.

20 Diario de Sesiones de la Asamblea Legislativa, P. de la C. núm. 492, Sesión Ordinaria, 5ta Asamblea Legislativa, T. 2 pág. 845.

Además, las discusiones de dicho proyecto en la Cámara de Representantes reflejan que el propósito de su aprobación fue requerir la notificación al Estado como condición para instar una demanda en daños y perjuicios bajo la Ley núm. 104. A estos efectos, el señor Torres Gómez aclaró:

Si se trata de una persona mayor de edad que puede reclamar por sí, por un alegado daño[] contra el Estado, si esa persona teniendo conocimiento del accidente, no notifica al Secretario de Justicia bajo los requisitos de la notificación que se determinan dentro de los 90 días, pierde su derecho a demandar dentro del año. **Es decir, que la acción ahí está limitada.**

*Id*. pág. 846. (énfasis nuestro).

Conforme se deduce del historial legislativo de la Ley núm. 121, el requisito de notificación opera como una limitación al derecho a demandar en daños y perjuicios al Estado por las actuaciones u omisiones culposas o

negligentes de sus agentes, funcionarios o empleados. No obstante, en determinadas circunstancias, la Ley núm. 104 extiende el período estatutario para notificar al Estado y exime al reclamante de cumplir con dicho requisito si demuestra la existencia de justa causa.

A estos efectos, el artículo 2A de la Ley núm. 104 dispone que **"si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito... [estará] obligado a… notificar[] dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad."** 32 L.P.R.A. sec. 3077a. (énfasis nuestro). Por otro lado, la Ley núm. 104 permite eximir al reclamante de cumplir con el requisito de notificación si hubo **justa causa** para el incumplimiento. Sobre esto, el artículo 2A de la Ley dispone que **"[n]o podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita dentro de los términos provistos en esta sección [artículo 2A de la Ley], a menos que no haya mediado justa causa para ello."** *Id.* (énfasis nuestro).

Con esta normativa en mente, procedemos a examinar el tratamiento jurisprudencial que le hemos dado al requisito de notificación.

**IV.**

"La *norma general* es que el requisito de notificación debe ser aplicado, de manera rigurosa, en acciones contra

el Estado o los municipios por daños ocasionados por su culpa o negligencia." *Acevedo v. Mun. de Aguadilla*, 153 D.P.R. 788, 798 (2001). (citas omitidas). Sobre la importancia del requisito de notificación hemos señalado que éste "es una parte esencial de la causa de acción y, a menos que se cumpla con la misma, no existe derecho a demandar." *Mangual v. Tribunal Superior*, 88 D.P.R. 491, 495 (1963).(cita omitida); *López v. Autoridad de Carreteras*, 133 D.P.R. 243, 250 (1993). Su propósito es "poner sobre aviso al Gobierno de que ha surgido una probable causa de acción por daños en su contra de modo que pueda activar sus recursos de investigación prontamente…." *Rivera de Vincenty v. E.L.A.*, 108 D.P.R. 64, 69 (1978); *Romero Arroyo v. E.L.A.*, 127 D.P.R. 724, 734 (1991).

Al analizar la naturaleza del requisito de notificación al Estado, hemos expresado que se trata de una exigencia de cumplimiento estricto que no alcanza el carácter de condición jurisdiccional.[2] *Loperena Irizarry v. E.L.A.*, 106 D.P.R. 357, 359 (1977); *Figueroa v. E.L.A.*, 113 D.P.R. 327, 331 (1982); *Méndez et al. v. Alcalde de Aguadilla*, 151 D.P.R. 853 (2000). En atención a esto, y conscientes de que en determinados casos la notificación no

---

[2] El mismo tratamiento le hemos dado al requisito de notificación en el contexto de reclamaciones contra los municipios. Es menester resaltar que la Ley municipal de 1960, Ley núm. 142 de 21 de julio de 1960, 1960 Leyes de Puerto Rico, 560-61, en su artículo 96 adoptó el requisito de notificación al Municipio. Por su parte, la Ley de Municipios autónomos del Estado Libre Asociado de Puerto Rico lo mantuvo, Ley núm. 81 de 30 de agosto de 1991, según enmendada, 21 L.P.R.A. sec. 4703.

cumple el propósito de proteger los intereses del Estado, "hemos excusado su cumplimiento en circunstancias especiales en las cuales resultaría una grave injusticia privar a un reclamante de una legítima causa de acción." *Rodríguez Sosa v. Cervecería India*, *106 D.P.R. 479,* 485 (1977). *Véanse, e.g., Romero Arroyo v. E.L.A., supra*; *Insurance Co. of P.R. v. Ruiz*, 96 D.P.R. 175 (1970); *García v. Northern Assurance Co.,* 92 D.P.R. 245 (1965). Esto, sin embargo, no ha tenido el efecto de derogar dicho requisito estatutario, acción que le compete a nuestra Asamblea Legislativa. *Loperena Irizarry v. E.L.A.,supra*, pág. 360.

En aras de hacer justicia y de imprimirle vitalidad al propósito rector de nuestra Asamblea Legislativa al adoptar el requisito de notificación, nos hemos negado a aplicarlo de forma inexorable. Conforme a esto, hemos adoptado una trayectoria liberalizadora con el fin de "no extender[] sin sentido crítico el requisito de notificación" a situaciones en las que sus objetivos carecen de virtualidad y podrían conllevar una injusticia. *Passalacqua v. Mun. de San* Juan, 116 D.P.R. 618, 629 (1985).

Así, por ejemplo, en el contexto de una reclamación de impericia médica por daños alegadamente sufridos en un hospital administrado por el Estado, resolvimos que la notificación era innecesaria en dicho pleito puesto que el riesgo de desaparición de la prueba objetiva era mínimo, había constancia de la identidad de los testigos y el

Estado podía fácilmente corroborar e investigar los hechos. *Meléndez Gutierrez v. E.L.A.*, 113 D.P.R. 811, 815 (1983).

Siguiendo esta tendencia liberalizadora, en *Passalacqua v. Mun. de San Juan*, *supra*, eximimos al reclamante de cumplir con el requisito de notificación cuando éste demandó y emplazó al Municipio dentro del término de 90 días. Del mismo modo, concluimos en *Rivera de Vincenti v. E.L.A., supra,* que no procedía desestimar una acción de subrogación instada por el Fondo de Seguro del Estado para recobrar los gastos incurridos en el tratamiento del obrero bajo el fundamento de que no se notificó al Estado dentro del término dispuesto en la Ley núm. 104. En *Rivera Vincenti, l*a Administradora del Fondo presentó la acción contra el Estado luego de que advino final y firme su decisión, pero 8 años después de que el obrero sufrió el accidente. Examinadas las circunstancias particulares del caso, concluimos que existía **justa causa** para eximir al Fondo de cumplir con el requisito de notificación. En esa ocasión, expresamos:

> En todo caso en que la tardanza en exceso de 90 días de ocurrido el accidente, **no imputable al demandante en daños y perjuicios** contra el Estado Libre Asociado, torne inútil e inoperante la notificación previa … tal notificación no será requerida, y el demandante será relevado de su observancia por **justa causa.**

*Id.* pág. 69(énfasis nuestro).

Por otra parte, hemos excusado el cumplimiento con el requisito de notificación cuando se demanda en daños al funcionario a quien se le debe dirigir dicha notificación.

*Véanse Romero Arroyo v. E.L.A.*, *supra*; *Méndez et al. v. Alcalde de* Aguadilla, *supra*; *Acevedo v. Mun. de Aguadilla*, *supra*. En esas circunstancias expresamos que no se justifica exigir el requisito de notificación pues el funcionario a quien se le dirige tenía conocimiento personal de los hechos.

Se desprende de estos pronunciamientos que sólo hemos excusado el fiel cumplimiento del requisito de notificación cuando se configura el elemento atemperante de la justa causa que la Ley núm. 104 dispone libera al reclamante de notificar al Estado. Sin embargo, "la existencia de justa causa no tiene el alcance de una liberación absoluta de los términos expresos del estatuto. Sólo tiene el efecto momentáneo de eximir de su cumplimiento mientras ella subsista." *Rodríguez Sosa v. Cervecería India, supra,* en la pág. 483. Por tanto, el reclamante debe acreditar detalladamente la existencia de justa causa para quedar liberado de cumplir con el requisito de notificación. *Lugo Rodríguez v.* Suárez, 2005 TSPR 136, res. 10 de septiembre de 2005; *Febles v. Romar*, 159 D.P.R. 714 (2003); *Arriaga v. F.S.E.,* 145 D.P.R. 122 (1998). Luego de que cese dicha circunstancia excepcional, el reclamante debe notificar al Estado, so pena de perder su derecho a reclamar compensación.

Finalmente, debemos reiterar la vigencia y validez del requisito de notificación. *Véanse López v. Autoridad de Carreteras, supra; Rodríguez Sosa v. Cervecería India,*

*supra*; *Torres Figueroa v. E.L.A.*, 104 D.P.R. 673 (1976); E.L.A. v. *Tribunal Superior,* 104 D.P.R. 160 (1975). Es menester puntualizar que nuestros pronunciamientos no han proclamado que el requisito de notificación es uno irrazonable o que su aplicación restringe de forma indebida el derecho de un perjudicado de reclamar compensación al Estado. *López v. Autoridad de Carreteras*, *supra*, pág. 252. Todo lo contrario, hemos reconocido su validez y sólo hemos eximido al reclamante de notificar al Estado cuando dicho requisito no cumple los propósitos y objetivos de la Ley y cuando jurídicamente no se justifica aplicarlo a las circunstancias de cada caso en particular, ya que no fue para ellas que se adoptó. *Id. Véanse además Méndez et al. v. Alcalde de* Aguadilla, *supra*; *Acevedo v. Mun. de Aguadilla*, *supra*.

En vista de lo anterior, reiteramos que como condición previa para presentar una demanda contra el Estado al amparo de la Ley num. 104, todo reclamante debe cumplir con el requisito de notificación. Sólo en aquéllas circunstancias en las que por justa causa la exigencia de notificación desvirtúe los propósitos de la Ley núm. 104, se podrá eximir al reclamante de notificar al Estado para evitar la aplicación extrema y desmedida de dicha exigencia.

### V.

En el caso ante nuestra consideración no está en controversia que el señor Berríos incumplió con el

requisito de notificación al Secretario de Justicia. En sus intentos por justificar su omisión, el señor Berríos proveyó diversas explicaciones. Éstas, como veremos, no proveen justa causa para incumplir con el requisito estatutario de notificación.

Al presentar su demanda, el señor Berríos adujo como justa causa que no conocía el procedimiento a seguir para instar una reclamación contra el Estado. Luego, adujo que durante los tres meses posteriores al accidente, su condición de salud le impidió realizar los trámites necesarios para notificar al Estado. Sin embargo, no expuso las razones por las cuales no notificó al Estado dentro de los 30 días siguientes al cese de su incapacidad. 32 L.P.R.A. sec. 3077a. Finalmente, el señor Berríos alegó como justa causa que el Estado tenía constancia efectiva de la identidad de los testigos y que no había riesgo de pérdida de la evidencia objetiva.

Luego de examinar las diversas explicaciones provistas por el señor Berríos para justificar la omisión de notificar al Estado, entendemos que éstas no han establecido la existencia de justa causa o de circunstancias excepcionales que nos permitan eximirlo de cumplir con el requisito de notificación. Tampoco surge de los hechos del presente caso que la notificación carezca de vitalidad o propósito.

En primer lugar, la ignorancia sobre cuál era el procedimiento dispuesto en la Ley núm. 104 para instar una

reclamación en daños contra el Estado no excusa su incumplimiento con el requisito de notificación. Es principio cardinal en nuestro ordenamiento que "la ignorancia de las leyes no excusa de su cumplimiento." Artículo 2, Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2. En armonía con este principio, el alegado desconocimiento del derecho, imputable a la inacción del señor Berríos, no provee justa causa para no haber notificado oportunamente al Estado.

En segundo lugar, la alegada incapacidad por enfermedad del señor Berríos tampoco justifica su omisión de notificar al Estado. El señor Berríos alegó que estuvo físicamente incapacitado durante los tres meses posteriores a la fecha en que ocurrieron los hechos por los que reclama indemnización. Empero, no obra en el expediente del presente caso evidencia sobre la referida incapacidad y su duración. Aun si aceptáramos las alegaciones del señor Berríos en torno a su incapacidad física, dicha justificación no lo exime de la responsabilidad de notificar al Estado dentro de los 30 días siguientes a la fecha en que cesó dicha incapacidad.

Como indicamos, el señor Berríos alega que cesó su incapacidad para el mes de enero de 2003 (3 meses después de ocurridos los hechos). Sin embargo, no cursó notificación alguna al Secretario de Justicia dentro de los 30 días siguientes a dicha fecha. Cerca de ocho meses más tarde, demandó y emplazó al Estado. No hay duda de que era

responsabilidad del señor Berríos notificar al Estado dentro de los 30 días siguientes a la fecha en que cesó su incapacidad. Su incapacidad física sólo tuvo el efecto momentáneo de eximirlo de cumplir con la obligación de notificar al Estado mientras ésta subsistió. *Véase Rodríguez Sosa v. Cervecería India, supra*. Su incapacidad temporera, por tanto, no lo liberó de forma absoluta de su obligación de notificar al Estado. Ante estos hechos, forzoso es concluir que el señor Berríos perdió su derecho a demandar al Estado bajo le Ley núm. 104 al no notificar oportunamente al Estado de su reclamación dentro de los 30 días siguientes al cese de su alegada incapacidad.

Por otro lado, debemos resaltar que el presente caso presenta una situación de hechos en la que el requisito de notificación cobra plena vigencia y propósito. Durante el período comprendido entre el 13 de octubre de 2002 (fecha del alegato incidente) y el 3 de septiembre de 2003, fecha en que se diligenció el emplazamiento, el Estado no tuvo la oportunidad de investigar las circunstancias de los alegados hechos dañinos e inspeccionar la carretera en la que el señor Berríos alega se cayó y sufrió daños. De haber sido notificado oportunamente, el Estado hubiese podido investigar los hechos para así evitar futuros sucesos dañinos y tramitar de forma expedita la reclamación del señor Berríos.

Entendemos que en este caso precisamente ocurrió la situación que el legislador quiso evitar: se presentó una

acción contra el Estado cuando estaba por finalizar el término prescriptivo de un año para demandar en daños; por el tiempo transcurrido el Estado está impedido de investigar adecuadamente el incidente; y, por causa de la omisión del señor Berríos, el Estado no cuenta con toda la información necesaria para presentar su defensa. Contrario a lo que concluyó el Tribunal de Apelaciones, entendemos que la prueba que se pueda encontrar en manos del Estado relacionada al tratamiento médico prestado al señor Berríos y los informes de la policía, no son las únicas piezas de evidencia pertinentes y necesarias para investigar los hechos y preparar adecuadamente la defensa del Estado. Era necesario proveerle al Estado la oportunidad de investigar el lugar de los hechos en una fecha cercana a la que éstos ocurrieron. De esta forma, las autoridades estatales hubiesen tendido la oportunidad de tomar las medidas necesarias para tramitar prontamente la reclamación y evitar daños futuros.

En conclusión, la situación de hechos ante nuestra consideración no presenta circunstancias excepcionales que justifiquen eximir al reclamante de notificar al Estado. La omisión en la notificación es imputable a su propia inacción y no se justifica darle curso a una acción en daños contra el Estado en la cual el reclamante no notificó al Secretario de Justicia según requiere la Ley núm. 104. Habiendo incumplido con el requisito de notificación **sin justa causa**, resolvemos que el señor Berríos está impedido

de proseguir con la demanda presentada en contra del Estado en el presente caso.

Por los fundamentos antes expuestos procede dictar sentencia revocando la sentencia del Tribunal de Apelaciones y reinstalar la sentencia del Tribunal de Primera Instancia que desestimó la causa de acción del aquí recurrido por falta de notificación al Estado Libre Asociado.

Se dictará sentencia de conformidad.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Samuel Berríos Román

    Recurrido

       v.                     CC-2005-734

Estado Libre Asociado de
Puerto Rico

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 7 de junio de 2007

    Por los fundamentos antes expuestos en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se dicta sentencia revocando la sentencia del Tribunal de Apelaciones y se reinstala la sentencia del Tribunal de Primera Instancia que desestimó la causa de acción del aquí recurrido por falta de notificación al Estado Libre Asociado.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo