GERMÁN RODRÍGUEZ SOSA, demandante y recurrido, *v.* CERVECERÍA INDIA, INC. y COMMONWEALTH INS. CO., demandadas, terceras demandantes y peticionarias, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE SALUD y JOHN DOE INS. CO., terceros demandados y recurridos.

*Número:* O-77-153      *Resuelto:* 14 de noviembre de 1977

---

*Reichard. & Reichard, Jr.* y *Manuel Martínez Rivera,* abogados de las peticionarias; *Héctor A. Colón Cruz, Procurador General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Se plantea en este caso si el requisito de notificación establecido en la ley que regula las demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. sec. 3077a, es de aplicación a una demanda contra tercero. El tribunal de instancia resolvió el planteamiento en la afirmativa y decidimos expedir por tratarse de una cuestión nueva.

Germán Rodríguez Sosa sufrió una herida en la palma de la mano al explotarle una botella de cerveza marca India. Recibió tratamiento médico en el Centro de Salud del Municipio de Cabo Rojo, donde fue atendido por el Dr. Fernando Antonio. Cerca de un año después de ocurrido el accidente, Rodríguez interpuso demanda el 9 de febrero de 1973 reclamando daños contra la Cervecería India y su aseguradora, Commonwealth Insurance Co., y, contra el Dr. Antonio y la Aseguradora del Municipio, The Reserve Insurance Co., alegando contra el médico que éste no le había suministrado el tratamiento adecuado y que como consecuencia de ello, le dejó inútil de la mano derecha. Nueve meses más tarde, el 14 de noviembre de 1973, la Cervecería India instó demanda contra coparte contra el Municipio de Cabo Rojo y trajo al pleito como tercero demandado al Estado Libre Asociado. A petición del Estado el tribunal de instancia desestimó la demanda de tercero por no haber dado el demandante Rodríguez cumplimiento estricto al requisito de notificación conforme las disposiciones de la citada Ley Núm. 104, *supra*. La Cervecería India y Commonwealth Insurance Co. recurren de la sentencia así dictada.

Del propio texto de la Ley Núm. 104 se desprende con meridiana claridad el propósito del legislador de extender el ámbito de la autorización conferida por el estatuto a las demandas contra tercero. El Art. 3 de dicha Ley expresamente provee:

"La autorización aquí conferida incluye aquella necesaria para entender de cualquier . . . procedimiento de intervención y de tercero litigante en favor o en contra del Estado ya sea a petición de éste o de otro litigante." 32 L.P.R.A. sec. 3078.

El ejercicio de tal autorización está condicionado a que el reclamante cumpla con el requisito de notificación al Estado sobre la fecha, sitio, causa y naturaleza general del daño sufrido, así como de otros pormenores. Al respecto dispone el Art. 2A:

"(a) Toda persona que tenga reclamaciones . . . contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido . . . .

(b) . . . . . . . .

(c) La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

(d) . . . . . . . .

(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación . . . a menos que no haya mediado justa causa para ello . . . ." 32 L.P.R.A. sec. 3077a.

La demanda de tercero ejercitada por la recurrente constituye una reclamación de ésta contra el Estado regulada por las disposiciones transcritas. No obstante, las recurrentes Cervecería India y Commonwealth Insurance Co. aducen que la obligación de notificar al Estado recae únicamente sobre el demandante original Rodríguez Sosa porque fue él quien inició el pleito reclamando daños a su persona, y, que no sería justo que su omisión perjudicara los derechos de otras partes, como lo son ellas.

■ El argumento de las recurrentes pierde de vista que Rodríguez Sosa nada reclama contra el Estado, y, por tanto, no le es de aplicación el requisito de notificación. Rodríguez reclama únicamente contra los recurrentes haciéndoles responsables de la totalidad de los daños, no sólo por los ocasionados directamente por ellos sino también por la agravación de los daños causados por el tratamiento médico alegadamente inadecuado. Son las recurrentes las que iniciaron la reclama-

ción contra el Estado mediante la demanda contra tercero y es, por ende, sobre ellas que recae la obligación de notificar.

■ Rodríguez Sosa no necesita demandar el Estado, a él le basta obtener de los recurrentes la indemnización total de los daños alegadamente sufridos, en virtud de lo resuelto en *Merced* v. *Gobierno de la Capital*, 85 D.P.R. 552 (1962), al efecto de que cuando una persona por su negligencia es responsable de los daños causados a otra, dicha persona es también responsable de cualquier otro daño corporal resultante de actos realizados por una tercera persona al suministrarle la ayuda que razonablemente requiera la lesión recibida. Es decir, la reparación incluye los daños originalmente causados y también los ocasionados por la forma en que se prestaron los servicios médico-quirúrgicos o de hospital.

■ Por supuesto, los recurrentes pueden repetir contra el Estado por su alegada actuación al agravar el daño causado por la explosión de la botella, ya que de otra manera resultaría en un enriquecimiento injusto para aquél. Eso es precisamente lo que han hecho al instar demanda contra tercero y, por eso, son ellas las que deben dar cumplimiento estricto al requisito de notificación al iniciar una reclamación contra el Estado.

No obstante, las recurrentes excusan su incumplimiento aduciendo que existía justa causa para no realizar la notificación, ya que ellas desconocían la ocurrencia del accidente y no fue hasta que se les demandó y emplazó que tuvieron conocimiento de los daños. Tienen, sin duda, razón. Pero la existencia de justa causa no tiene el alcance de una liberación absoluta de los términos expresos del estatuto. Sólo tiene el efecto momentáneo de eximir de su cumplimiento mientras ella subsista. Así se desprende del propio estatuto al disponer que cuando el reclamante estuviera mental o físicamente imposibilitado, la notificación se hará a partir de la fecha en que cese la incapacidad. Art. 2A(c), 32 L.P.R.A. sec. 3077a(c). No hay diferencia lógica entre la justa causa que proviene de

la incapacidad mental o física y la que dimana, como en este caso, del desconocimiento del daño. En ambas situaciones la obligación de notificar surge al desaparecer el impedimento.

La obligación de las recurrentes de notificar al Estado surgió cuando fueron emplazadas porque desde ese momento ellas tenían conocimiento de los daños que reclamaron en la demanda contra tercero. La alegación del demandante Sosa contra ellas fue muy explícita, informándoles claramente que ellas le eran responsables por los daños alegadamente causados por el tratamiento médico. ([1])

Las recurrentes insisten en que no es necesaria la notificación y, aunque no citan caso alguno en su apoyo, hacen referencia a la anotación que aparece en 93 A.L.R.2d 1385–1391: *Claim for contribution or indemnification from another tortfeasor as within provisions of statute or ordinance requiring notice of claim against municipality.*

La cuestión aquí envuelta es una de interpretación estatutaria en que no podemos rehuir el texto específico de la Ley. Ya advertimos en *Mangual* v. *Tribunal Superior*, 88 D.P.R.

---

([1]) En la demanda se alegaron los siguientes hechos:

"Que como consecuencia del accidente previamente relatado, e inmediatamente después del mismo, el demandante fue conducido al Centro de Salud (Hospital Municipal) de Cabo Rojo, Puerto Rico, habiendo sido recibido y atendido de la lesión ya dicha, sufrida en su mano derecha, por el Dr. Fernando Antonio, quien se encontraba en dicha institución a cargo de la misma y actuando como y/o empleado, en el aspecto de salud pública, atendiendo los pacientes que estaban y llegaban.

"Que el Dr. Fernando Antonio, referido en el apartado precedente de esta demanda, para el 18 de marzo de 1972, cuando se suscitaron los hechos que motivan la misma, trabajaba como médico en sus funciones de empleado y/o agente del Municipio de Cabo Rojo, Puerto Rico, en el Centro de Salud u Hospital Municipal de Cabo Rojo, Puerto Rico, y al así hacerlo no le suministró al demandante el tratamiento adecuado de conformidad con la ciencia médica y los usos y costumbres de ese tipo de gestión y acción médica, aceptados profesionalmente en la comunidad, y por lo contrario actuando negligentemente, al tomarle los puntos de sutura en la herida que en su mano derecha presentaba el demandante, le laceró y afectó el nervio y tendones de dicha mano, en tal forma, que en vez de recuperar y curarse de la lesión tratádale, el demandante quedó inútil de dicha mano derecha."

491–496 (1963), que la interpretación sobre el carácter mandatorio de la notificación depende en último análisis de la forma en que está redactado el estatuto. La anotación de referencia es del mismo tenor, y la escasa jurisprudencia que en ella se cita no tiene valor persuasivo por referirse a estatutos cuya terminología es distinta al nuestro. Además, no se trata aquí del ejercicio de una acción de regreso (*contribution*) contra el causante común de un daño (*joint tort-feasor*), sino de dos actos negligentes, separados y distintos, que no crean una obligación solidaria. El Estado Libre Asociado sólo responde de los daños alegadamente causados por el tratamiento médico y no por los daños ocasionados por la explosión de la botella. Tampoco la obligación de la Cervecería India es solidaria; ella responde de los daños totales en virtud de la regla de derecho establecida en *Merced* v. *Gobierno de la Capital*, supra, y no por la regla de solidaridad que reconocimos en *García* v. *Gobierno de la Capital*, 72 D.P.R. 138 (1951). Por tal razón, los casos relativos al ejercicio de la acción de regreso no son de aplicación y, menos aún, cuando los términos del estatuto son diferentes al texto de nuestra ley. Como ejemplos de casos inaplicables por estos motivos puede verse a *Minneapolis, St. P. & S.S.M.R. Co.* v. *City of Fond du Lac*, 297 F.2d 583 citado en la mencionada anotación 93 A.L.R.2d 1385, y *Royal Car Wash Co.* v. *Mayor and Council of Wilmington*, 240 A.2d 144; *Markey* v. *Skog*, 322 A.2d 513.

◼ Hemos resuelto con prudente firmeza que la notificación requerida por la Ley Núm. 104 es de cumplimiento estricto, y sólo hemos excusado su cumplimiento en circunstancias especiales en las cuales resultaría una grave injusticia privar a un reclamante de una legítima causa de acción. *García* v. *Northern Assur. Co.*, 92 D.P.R. 245 (1965); *Insurance Co. of P.R.* v. *Ruiz*, 96 D.P.R. 175 (1968); *Díaz* v. *Municipio de Cayey*, 99 D.P.R. 196 (1970); *Loperena Irizarry* v. *E.L.A.*, 106 D.P.R. 357 (1977). El caso de autos no presenta circunstancia especial alguna. La Cervecería India tuvo

conocimiento pleno de los daños tan pronto se le emplazó y no aduce razón alguna para no haber efectuado la notificación al Estado Libre Asociado dentro del término establecido en el estatuto.

*Se dictará sentencia confirmando la aquí recurrida.*

El Juez Asociado Señor Rigau no intervino. El Juez Asociado Señor Díaz Cruz emitió opinión disidente a la cual se une el Juez Asociado Señor Irizarry Yunqué.

—O—

Opinión disidente del Juez Asociado Señor Díaz Cruz a la que se une el Juez Asociado Señor Irizarry Yunqué.

San Juan, Puerto Rico, a 14 de noviembre de 1977

Al comerciante Germán Rodríguez Sosa le explotó una botella de cerveza marca India en la mano, que resultó lesionada y de cuya herida fue atendido por el Dr. Fernando Antonio, del Centro de Salud de Cabo Rojo. Próximo a expirar el año del estatuto prescriptivo Rodríguez Sosa demandó en daños y perjuicios a la Cervecería India, su aseguradora; al médico Antonio y a la aseguradora del Municipio, alegando mala práctica del médico como causa de haber quedado inútil de su mano derecha. Nueve meses después de emplazada la demandada Cervecería India presentó demanda contra el Estado Libre Asociado como tercero, solicitando que en el supuesto de que se le impusiera responsabilidad en la demanda de Rodríguez Sosa, que se condene al Estado Libre Asociado a resarcirle "aquello que por sentencia tuviere que pagar a la parte demandante." A moción del Estado, la demanda contra tercero fue desestimada por falta de notificación previa. Expedimos *certiorari*, y ahora resolvemos.

La Ley Núm. 104 de 29 de junio de 1955, en su Art. 2A adicionado por Ley Núm. 121 de 24 de junio de 1966 (32 L.P.R.A. sec. 3077a) ordena en lo pertinente a este caso:

"(a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia.

(b) .     .     .     .     .     .     .     .

(c) La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere.

(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro."

El claro texto de los incisos transcritos limita su esfera a acciones por daños y perjuicios contra el Estado Libre Asociado basadas en culpa o negligencia e impone el deber de cumplir con la notificación previa a la persona que sufre el

daño, designada en el estatuto como "reclamante" o "perjudicada". Cervecería India que trae al Estado al pleito como tercero demandado para que le responda de la sentencia que pueda recaer eventualmente, no es ni alega ser "perjudicada" por acto u omisión negligente del Estado ni reclama indemnización por daños y perjuicios contra éste. Luego, a primera impresión no vendría obligada a hacer la notificación que según el inciso (a) *supra*, se requiere para reclamaciones de daños. ¿Acaso puede la Cervecería informar con la veracidad y conocimiento cierto que sólo está al alcance del reclamante y perjudicado, "la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia"?

En numerosas jurisdicciones estatales no se exige previa notificación al demandado que insta demanda contra el Estado como tercera parte, por considerar que su reclamación no es propiamente de daños, sino de derecho a contribución contra un corresponsable. *Minneapolis, St. P. & S.S.M.R. Co.* v. *City of Fond du Lac*, 297 F.2d 583 (1961); 93 A.L.R.2d 1385 y ss.; *Royal Car Wash Co.* v. *Mayor and Council of Wilmington*, 240 A.2d 144 (1968); *Markey* v. *Skog*, 322 A.2d 513 (1974). Sin embargo, la demanda contra tercero no es instrumento de licencia para evadir el requisito de notificación. Por encima de la naturaleza mecánico-procesal de la demanda contra tercero en este caso asoma su efecto último que no es otro que exigir del Estado responsabilidad por daños y perjuicios por negligencia sin mediar la previa notificación que hemos llamado de cumplimiento estricto. *Loperena Irizarry* v. *E.L.A.*, 106 D.P.R. 357 (1977).

La demanda contra tercero está permitida por la Regla 12.1 de Procedimiento Civil que dispone: "En cualquier momento después de comenzado el pleito, el demandado podrá como demandante contra tercero notificar un emplazamiento

y demanda a una persona que no sea parte en el pleito y que le sea o pueda serle responsable por toda o parte de la reclamación del demandante." El Estado Libre Asociado dio su consentimiento para ser demandado como tercero, autorizando específicamente este recurso procesal del litigante privado en el Art. 3 de la Ley Núm. 104 de 1955 del que citamos: "La autorización [para conocer de acción o procedimiento] aquí conferida . . . incluye también el procedimiento de intervención y de tercero litigante, en favor o en contra del Estado, ya sea a petición de éste o de otro litigante." No debe escapar el hecho de que en 1966 cuando la Asamblea Legislativa ordenó la previa notificación adicionando el Art. 2A a la Ley Núm. 104 de 1955 sobre Pleitos contra el Estado, no alteró el texto del Art. 3 (32 L.P.R.A. sec. 3078) que autoriza la demanda contra tercero.

El criterio de libre arbitrio en el demandante contra tercero debe moderarse por el principio de que la Regla 12.1 no crea nuevas causas de acción ni permite el uso de recursos procesales en menoscabo de derechos reconocidos en la ley substantiva. La citada Regla no altera las condiciones bajo las cuales el Estado consiente a ser demandado permitiendo litigación de reclamaciones contra el Gobierno que de otro modo no cumplen con los requisitos exigidos. Wright & Miller sostiene que cuando un litigante privado entabla reclamación contra los Estados Unidos a tenor de la Regla 14(a) (12.1 P.R.) le será admitida bajo aquellas circunstancias en que procedería un pleito de tercero, asumiendo desde luego que él podría ejercitar su causa de acción en pleito independiente contra el Gobierno. *Federal Practice & Procedure*, Tomo 6, sec. 1450, pág. 273.

La disposición que exige notificación previa al Estado por quien le reclama daños y perjuicios basados en negligencia ha sido tachada como discriminatoria por convertir al Gobierno en un litigante privilegiado, favorecido por esta condición precedente a la acción civil, que coarta y restringe el

derecho del demandante en contravención de las garantías constitucionales de debido proceso e igual protección de las leyes. *Oquendo* v. *Insurance Co. of P.R.*, 388 F.Supp. 1030 (1974); *Monografía* en 59 A.L.R.3d pág. 93. Hasta ahora la ha redimido el interés público inherente a una acción dirigida a obtener resarcimiento a costa de los dineros del pueblo, y la realidad de que el Gobierno que confronta reclamaciones de este tipo en toda la amplitud del territorio nacional, debe tener una temprana oportunidad de investigar la legitimidad de la reclamación y sus hechos circunstanciales, a fin de ejercitar con óptima eficacia las defensas encaminadas a la protección del patrimonio común. *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491, 494 (1963).

El accidente en este caso ocurrió el 18 de marzo de 1972. La demandada Cervecería India no tuvo conocimiento del mismo hasta que fue emplazada el día 19 de marzo de 1973 en esta acción, cuando ya había transcurrido un año, que excede por mucho el término de 90 días en que el aviso al Estado sirva el propósito de organizar la defensa del pleito inminente. Enterada India del accidente por la tardía demanda, es fútil exigirle una notificación dentro de los 90 días siguientes a su emplazamiento. No se atiende con ello a interés público alguno porque si en nada aprovecha al Estado una notificación previa hecha al año de ocurrir el accidente, menos utilidad tiene la que se hace transcurridos 90 días más, para completar 15 meses. Tal exigencia operaría como imposición onerosa y discriminatoria contra la parte demandada que insta demanda contra tercero, sin la justificación de interés público prevalente, resultando en anulación de derechos de debido proceso e igual protección garantizados por la Constitución.

La inconsistencia de la mayoría siembra incertidumbre en nuestra jurisprudencia procesal. Porque "ofendería nuestro sentido de justicia" y premiaría al "demandante tardío y sigiloso", relevamos del estatuto de prescripción a un deman-

dado que emplazado después del año concedido para la acción de daños y perjuicios bajo el 1802 del Código Civil, reconviene reclamando a su vez daños contra el demandante. En rechazo de la aplicación mecánica de las Reglas dijimos entonces: "No es la lógica ciega a los objetivos y necesidades de nuestro ordenamiento jurídico y comunal la que debe gobernar la interpretación de nuestros códigos y leyes." *Febo Ortega* v. *Tribunal Superior*, 102 D.P.R. 405, 408–9 (1974). Ahora el Tribunal niega una demanda contra tercero imponiendo un límite cronológico de cuestionable validez y consagra el artificio y la futilidad sofocando la equidad del caso. El estatuto de prescripción, de firme raigambre en nuestro Derecho civil común, es vulnerable y responsivo a propósitos de necesidad y utilidad social, mientras una inoperante notificación previa adquiere contornos de muralla china.

Cuando por tardanza en exceso de 90 días de ocurrido el accidente, no imputable a un demandado en daños y perjuicios por negligencia que a tenor de la Regla 12.1 de Procedimiento Civil promueve demanda contra el Estado como tercero demandado, la previa notificación ordenada por el Art. 2A de la Ley Núm. 104 de 1955 enmendada, se torna inoperante e inútil, tal notificación no debería requerirse.

Anularía la resolución recurrida.