La Juez Asociada Señora Rodríguez Rodríguez
emitió la opinión del Tribunal.
Tenemos la ocasión de interpretar la extensión del requisito de la notificación al Estado, como condición previa a la presentación de una demanda por daños, en la que se reclama la responsabilidad del soberano por su culpa o negligencia. Específicamente, debemos examinar el alcance de la “justa causa” que exime al reclamante de cumplir con el requisito de la notificación al Estado, según la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955 (Ley Núm. 104), según enmendada, 32 L.P.R.A. see. 3077 et seq.
I
El 27 de agosto de 2003, el Sr. Samuel Berríos Román (señor Berríos) presentó una demanda por daños y perjuicios contra el Estado Libre Asociado, la Autoridad de Carreteras, el Departamento de Transportación y Obras Públicas y sus respectivas compañías aseguradoras. En su demanda, alegó que el 13 de octubre de 2002, mientras *553 transitaba en su motora por la Carretera Núm. 30 Km 6.8, ubicada en el Municipio de Gurabo, sufrió un accidente que le causó varias lesiones corporales. Adujo que perdió el control de su motora y cayó al suelo por causa de las pésimas condiciones de la carretera, la cual se alegó que tenía varios huecos y el asfalto desprendido. Además, indicó que “por justa causa no se le notificó al Gobierno dentro del término de 90 días, ya que ... desconocía el procedimiento a seguir antes de radicar [sic] la demanda”. Véase el Apéndice de la Petición de certiorari, pág. 40.
El 3 de septiembre de 2003 se diligenció el emplazamiento a nombre del Estado Libre Asociado. El 13 de mayo de 2003, por conducto de la representación legal del Departamento de Justicia, el Estado Libre Asociado presentó una moción de desestimación. En ésta alegó que procedía desestimar la demanda presentada por el señor Berríos, debido a que éste había incumplido con el requisito de remitirle una notificación escrita al Secretario de Justicia, según requiere el Art. 2A de la Ley Núm. 104 (32 L.P.R.A. sec. 3077a). Indicó que, a pesar de que los hechos ocurrieron el 13 de octubre de 2002 y que desde esa fecha el señor Berríos advino en conocimiento de los daños sufridos, éste no notificó al Secretario de Justicia los detalles del accidente ni presentó su demanda por daños dentro del término de noventa días, dispuesto en la Ley Núm. 104.
Por su parte, el señor Berríos alegó en su réplica a la solicitud de desestimación que no procedía desestimar su demanda, porque el Estado tenía constancia efectiva de la identidad de los testigos y no existía riesgo de pérdida de la evidencia objetiva. Véase el Apéndice de la Petición de certiorari, págs. 11-13. Con el beneficio de los argumentos de las partes, el Tribunal de Primera Instancia dictó sentencia el 27 de diciembre de 2004 y desestimó la demanda del señor Berríos por falta de la notificación al Estado.
Oportunamente, el señor Berríos presentó una moción de reconsideración, en la que alegó que no notificó oportunamente al Estado, porque luego del accidente estuvo hospitalizado, se sometió a dos cirugías y estuvo enyesado. *554 Según indicó en su moción de reconsideración, esta condición de salud le impidió realizar gestiones oficiales de clase alguna durante los tres meses posteriores al accidente. Además, expuso que no había peligro de desaparición de evidencia debido a que los únicos testigos eran los miembros de la Policía que intervinieron en el accidente, el personal que le prestó los primeros auxilios y los propios médicos del Estado. Empero, el foro primario denegó la moción.
Insatisfecho, el señor Berríos acudió al Tribunal de Apelaciones. En síntesis, alegó que erró el Tribunal de Primera Instancia al desestimar la demanda, pues de los hechos del caso surgía que el Estado fue el primero en en conocer los daños sufridos por el señor Berríos. Además, indicó que no existía riesgo de pérdida de la evidencia. El Tribunal de Apelaciones revocó la sentencia del foro primario. Entendió que el Estado Libre Asociado no se encontraba en estado de indefensión o desventaja indebida en la preparación de su defensa debido a que la información pertinente al pleito estaba en manos de sus empleados u oficiales y no existía riesgo de que desapareciera.
Oportunamente, el Procurador General acudió ante nosotros mediante una petición de certiorari. Expedimos el auto el 18 de noviembre de 2005 y le concedimos el término a las partes para presentar sus alegatos. El Procurador General presentó su alegato el 24 de mayo de 2006. Luego de concederle un término final a la parte recurrida para presentar el suyo, procedemos a resolver la controversia ante nuestra consideración sin el beneficio de su comparecencia.
II
En su recurso de certiorari, el Procurador General presentó dos señalamientos de error. En esencia, adujo que erró el Tribunal de Apelaciones al eximir al señor Berríos de demostrar que tuvo justa causa para incumplir con el requisito de notificación al Estado y al concluir que éste *555 podía incumplir con el requisito de notificación, debido a que la prueba pertinente en este caso consta en expedientes públicos y es de fácil corroboración para el Estado.
En primer término, el Procurador General alega que el señor Berrios nunca estableció la existencia de justa causa para incumplir con el requisito de notificación. Indica que, aun si aceptáramos que el señor Berrios tuvo justa causa para no notificar al Estado durante los tres meses posteriores al accidente por razón de su incapacidad, éste no demostró justa causa para no haber enviado la notificación entre enero de 2003, luego de que alegadamente cesó su incapacidad, y el 3 de septiembre de 2003, fecha cuando emplazó al Estado.
En segundo término, el Procurador General aduce que en ausencia de justa causa para no haber notificado al Estado la ocurrencia del accidente, no procede eximir al señor Berrios de cumplir con el requisito de notificación por el fundamento de que la prueba está en manos del Estado y es de fácil corroboración. Sobre esto, indica que los informes médicos del señor Berrios y el informe policial preparado no son las únicas piezas de evidencia necesarias para preparar la defensa del Estado y que era necesario realizar una inspección de las alegadas condiciones peligrosas de la carretera en la que el señor Berrios aduce que ocurrieron los hechos.
III
 La doctrina de inmunidad soberana impide que se presenten reclamaciones judiciales contra el Estado a me-nos que éste consienta en ser demandado. Defendini Collazo et al. v. E.L.A., Cotto, 134 D.P.R. 28, 40 (1993).
En 1913, la decisión del Tribunal Supremo federal en Porto Rico v. Rosaly, 227 U.S. 270 (1913), asentó la doctrina de inmunidad soberana en nuestro ordenamiento. El reconocimiento de esa inmunidad del Estado Libre Aso *556 ciado propició que nuestra Asamblea Legislativa aprobara una serie de estatutos que, a través de los años, han autorizado cierto tipo de demandas contra el Estado. En 1916, nuestra Asamblea Legislativa autorizó demandas contra el Estado en acciones de reivindicación de bienes muebles o inmuebles y en acciones para reclamar daños y perjuicios contractuales. 1976 Leyes de Puerto Rico 155, 156-157. Véase, además, Defendini Collazo et al. v. E.L.A., Cotto, supra, pág. 47. Luego, la Ley Núm. 11 de 18 de abril de 1928, enmendó la Ley Núm. 76 y permitió demandas contra el Estado por daños y perjuicios. 1928 Leyes de Puerto Rico 131, 133.
El desarrollo estatutario de la doctrina de inmunidad soberana en Puerto Rico continuó en 1955 con la aprobación de la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104. Mediante dicho estatuto, el Estado consintió en ser demandado en daños y perjuicios por actuaciones y omisiones culposas o negligentes de sus funcionarios, empleados o agentes, en el desempeño de sus funciones. Art. 6 de la Ley Núm. 104 (32 L.P.R.A. sec. 3081).
Al aprobar la Ley Núm. 104, nuestra Asamblea Legislativa ejerció su prerrogativa de imponer las condiciones según las cuales el Estado renunciaría parcialmente a su inmunidad soberana. Véase Defendini Collazo et al. v. E.L.A., Cotto, supra, págs. 57-59. De esta forma, la renuncia parcial a la inmunidad soberana del Estado Libre Asociado vino acompañada de limitaciones y salvaguardas procesales que rigen la forma como un perjudicado podrá reclamar indemnización del soberano.
Por ejemplo, en su Art. 6, la Ley Núm. 104 excluyó de su ámbito de aplicación las actuaciones intencionales o constitutivas de delito realizadas por funcionarios del Estado y las actuaciones discrecionales de éstos en el desempeño de sus deberes. 32 L.P.R.A. see. 3081. Otra cortapisa estatutaria a la facultad de demandar al Estado es el límite a la *557 cuantía que todo reclamante puede obtener al demandar al soberano.(1)
Al amparo de su poder para reglamentar la forma como un perjudicado puede demandar al Estado, nuestra Asamblea Legislativa aprobó la Ley Núm. 121 de 2 de junio de 1966 (1966 Leyes de Puerto Rico 396-397). Dicho estatuto enmendó la Ley Núm. 104 y añadió el requisito de notificación al Secretario de Justicia como condición previa de cumplimiento estricto para presentar una demanda contra el Estado. En virtud de dicha enmienda, desde 1966, el Artículo 2A de la Ley Núm. 104, supra, dispone que toda persona que tenga una reclamación contra el Estado Libre Asociado por los daños causados por su culpa o negligencia, deberá presentar al Secretario de Justicia una notificación escrita dentro de los noventa días siguientes a la fecha cuando tuvo conocimiento de los daños reclamados. En esa notificación, el reclamante debe hacer constar “la fecha, sitio, causa y naturaleza del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia”. 32 L.P.R.A. sec. 3077a.
Según se desprende del contenido del P. de la C. 492, el cual le dio vida al requisito de notificación, la preocupación del legislador al añadir esta nueva exigencia procesal fue la siguiente:
*558 ... En muchos casos y por diversas razones, las acciones se radican cuando ya está para finalizar el término y ocurre que el Estado, por el tiempo transcurrido desde que ocurrieron los alegados daños, se encuentra con problemas de falta de información o información deficiente en cuanto a los hechos, y a[u]n con la circunstancia de la reorganización de una agencia o dependencia como resultado de lo cual se han extraviado los récords [sic] que hacen referencia al accidente u origen de los daños, así como con el movimiento de testigos presenciales, cuyo paradero se ignora al momento en que se notifica de la acción, todo ello en perjuicio de la oportunidad amplia que debe tener el Estado para hacer las alegaciones correspondientes y establecer las defensas en estos casos. 20 Diario de Sesiones de la Asamblea Legislativa (Cámara), R de la C. 492, Sesión Ordinaria, 5ta Asamblea Legislativa, 18 de abril de 1966, T. 2 pág. 845.
Además, las discusiones de dicho proyecto en la Cámara de Representantes reflejan que el propósito de su aprobación fue requerir la notificación al Estado como condición para instar una demanda en daños y perjuicios al amparo de la Ley Núm. 104. A estos efectos, el señor Torres Gómez aclaró:
... Si se trata de una persona mayor de edad que puede reclamar por sí, por un alegado daño... contra el Estado, si esa persona teniendo conocimiento del accidente, no notifica al Secretario de Justicia bajo los requisitos de la notificación que se determinan dentro de los 90 días, pierde su derecho a demandar dentro del año. Es decir, que la acción ahí está limitada. (Enfasis nuestro.) P. de la C. 492, supra, pág. 846.
Conforme se deduce del historial legislativo de la Ley Núm. 121, el requisito de notificación opera como una limitación al derecho a demandar por daños y perjuicios al Estado por las actuaciones u omisiones culposas o negligentes de sus agentes, funcionarios o empleados. No obstante, en determinadas circunstancias, la Ley Núm. 104 extiende el período estatutario para notificar al Estado y exime al reclamante de cumplir con dicho requisito si demuestra la existencia de justa causa.
A estos efectos, el Artículo 2A de la Ley Núm. 104, supra, dispone que “si el reclamante estuviere mental o *559 físicamente imposibilitado para hacer dicha notificación dentro del término prescrito ... {estará] obligado a ... notificar... dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad”. (Énfasis nuestro.) Por otro lado, la Ley Núm. 104 permite eximir al reclamante de cumplir con el requisito de notificación si hubo justa causa para el incumplimiento. Sobre esto, el Artículo 2A de la Ley Núm. 104, supra, dispone que “{ri\o podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita dentro de los términos provistos en esta sección {artículo 2A de la Ley], a menos que no haya mediado justa causa para ello”. (Énfasis nuestro.)
Con esta normativa en mente, procedemos a examinar el tratamiento jurisprudencial que le hemos dado al requisito de notificación.
IV
“La norma general es que el requisito de notificación debe ser aplicado, de manera rigurosa, en acciones contra el Estado o los municipios por daños ocasionados por su culpa o negligencia de éstos.” (Énfasis en el original.) Acevedo v. Mun. de Aguadilla, 153 D.P.R. 788, 798 (2001). Sobre la importancia del requisito de notificación hemos señalado que éste “es una parte esencial de la causa de acción y, a menos que se cumpla con la misma, no existe derecho a demandar”. (Cita omitida.) Mangual v. Tribunal Superior, 88 D.P.R. 491, 495 (1963); López v. Autoridad de Carreteras, 133 D.P.R. 243, 250 (1993). Su propósito es “poner sobre aviso al Gobierno de que ha surgido una probable causa de acción por daños en su contra de modo que pueda activar sus recursos de investigación prontamente”. Rivera de Vincenti v. E.L.A., 108 D.P.R. 64, 69 (1978). Véase Romero Arroyo v. E.L.A., 127 D.P.R. 724, 734 (1991).
*560 Al analizar la naturaleza del requisito de notificación al Estado, hemos expresado que se trata de una exigencia de cumplimiento estricto que no alcanza el carácter de condición jurisdiccional.(2) Loperena Irizarry v. E.L.A., 106 D.P.R. 357, 359 (1977); Figueroa v. E.L.A., 113 D.P.R. 327, 331 (1982); Méndez et al. v. Alcalde de Aguadilla, 151 D.P.R. 853 (2000). En atención a esto, y conscientes de que en determinados casos la notificación incumple con el propósito de proteger los intereses del Estado, “hemos excusado su cumplimiento en circunstancias especiales en las cuales resultaría una grave injusticia privar a un reclamante de una legítima causa de acción”. Rodríguez Sosa v. Cervecería India, 106 D.P.R. 479, 485 (1977). Véanse, e.g.: Romero Arroyo v. E.L.A., supra; Insurance Co. of P.R. v. Ruiz, 96 D.P.R. 175 (1968); García v. Northern Assurance Co., 92 D.P.R. 245 (1965). Esto, sin embargo, no ha tenido el efecto de derogar dicho requisito estatutario, acción que le compete a nuestra Asamblea Legislativa. Loperena Irizarry v. E.L.A., supra, pág. 360.
En aras de hacer justicia y de imprimirle vitalidad al propósito rector de nuestra Asamblea Legislativa, al adoptar el requisito de notificación, nos hemos negado a aplicarlo de forma inexorable. Conforme a esto, hemos adoptado una trayectoria liberalizadora con el fin de “no extender... sin sentido crítico el requisito de notificación”, a situaciones en las que sus objetivos carecen de virtualidad y podrían conllevar una injusticia. Passalacqua v. Mun. de San Juan, 116 D.P.R. 618, 629 (1985).
Así, por ejemplo, en el contexto de una reclamación de impericia médica por daños alegadamente sufridos en un hospital administrado por el Estado, resolvimos que la no *561 tificación era innecesaria puesto que el riesgo de desaparición de la prueba objetiva era mínimo, había constancia de la identidad de los testigos y el Estado podía fácilmente corroborar e investigar los hechos. Meléndez Gutiérrez v. E.L.A., 113 D.P.R. 811, 815 (1983).
Siguiendo esta tendencia liberalizadora, en Passalacqua v. Mun. de San Juan, supra, eximimos al reclamante de cumplir con el requisito de notificación, cuando éste demandó y emplazó al municipio dentro del término de noventa días. Del mismo modo, concluimos en Rivera de Vincenti v. E.L.A., supra, que no procedía desestimar una acción de subrogación instada por el Fondo de Seguro del Estado para recobrar los gastos en que se incurrió en el tratamiento del obrero fundamentado en que no se notificó al Estado dentro del término dispuesto en la Ley Núm. 104. En Rivera Vincenti, la Administradora del Fondo presentó la acción contra el Estado luego de que advino final y firme su decisión, pero ocho años después de que el obrero sufrió el accidente. Examinadas las circunstancias particulares del caso, concluimos que existía justo causa para eximir al Fondo de cumplir con el requisito de notificación. En esa ocasión, expresamos:
... En todo caso en que la tardanza en exceso de 90 días de ocurrido el accidente, no imputable al demandante en daños y perjuicios contra el Estado Libre Asociado, torne inútil e inoperante la notificación previa ... tal notificación no será requerida, y el demandante será relevado de su observancia por justa causa. (Enfasis nuestro.) Rivera Vincenti, pág. 69.
Por otra parte, hemos excusado el cumplimiento con el requisito de notificación cuando se demanda en daños al funcionario a quien se le debe dirigir dicha notificación. Véanse: Romero Arroyo v. E.L.A., supra; Méndez et al. v. Alcalde de Aguadilla, supra; Acevedo v. Mun. de Aguadilla, supra. En esas circunstancias expresamos que no se justifica exigir el requisito de notificación, pues el funcionario a quien se le dirige tenía conocimiento personal de los hechos.
*562 Se desprende de estos pronunciamientos que sólo hemos excusado el fiel cumplimiento del requisito de notificación cuando se configura el elemento atemperante de la justa causa que, según dispone la Ley Núm. 104, libera al reclamante de notificar al Estado. Sin embargo, “la existencia de justa causa no tiene el alcance de una liberación absoluta de los términos expresos del estatuto. Sólo tiene el efecto momentáneo de eximir de su cumplimiento mientras ella subsista”. Rodríguez Sosa v. Cervecería India, supra, pág. 483. Por lo tanto, el reclamante debe acreditar detalladamente la existencia de justa causa para quedar liberado de cumplir con el requisito de notificación. Lugo v. Suárez, 165 D.P.R. 729 (2005); Febles v. Romar, 159 D.P.R. 714 (2003); Arriaga v. F.S.E., 145 D.P.R. 122 (1998). Luego de que cese dicha circunstancia excepcional, el reclamante debe notificar al Estado, so pena de perder su derecho a reclamar una compensación.
Finalmente, debemos reiterar la vigencia y validez del requisito de notificación. Véanse: López v. Autoridad de Carreteras, supra; Rodríguez Sosa v. Cervecería India, supra; Torres Figueroa v. E.L.A., 104 D.P.R. 673 (1976); E.L.A. v. Tribunal Superior, 104 D.P.R. 160 (1975). Es menester puntualizar que nuestros pronunciamientos no han proclamado que el requisito de notificación es irrazonable o que su aplicación restringe de forma indebida el derecho de un perjudicado a reclamar una compensación al Estado. López v. Autoridad de Carreteras, supra, pág. 252. Todo lo contrario, hemos reconocido su validez y sólo hemos eximido al reclamante de notificar al Estado cuando dicho requisito incumple con los propósitos y objetivos de la ley y cuando jurídicamente no se justifica aplicarlo a las circunstancias de cada caso en particular, ya que no fue para ellas que se adoptó. Id. Véanse, además: Méndez et al. v. Alcalde de Aguadilla, supra; Acevedo v. Mun. de Aguadilla, supra.
En vista de lo anterior, reiteramos que, como condición previa para presentar una demanda contra el Estado al amparo de la Ley Núm. 104, todo reclamante debe cumplir *563 con el requisito de notificación. Sólo en aquellas circunstancias en las que por justa causa la exigencia de notificación desvirtúe los propósitos de la Ley Núm. 104, se podrá eximir al reclamante de notificar al Estado para evitar la aplicación extrema y desmedida de dicha exigencia.
V
En el caso ante nuestra consideración no está en controversia que el señor Berríos incumplió con el requisito de notificación al Secretario de Justicia. En sus intentos por justificar su omisión, el señor Berríos proveyó diversas explicaciones. Éstas, como veremos, no proveen justa causa para incumplir con el requisito estatutario de la notificación.
Al presentar su demanda, el señor Berríos adujo como justa causa que no conocía el procedimiento que debía seguir para instar una reclamación contra el Estado. Luego, adujo que durante los tres meses posteriores al accidente, su condición de salud le impidió realizar los trámites necesarios para notificar al Estado. Sin embargo, no expuso las razones por las cuales no notificó al Estado dentro de los treinta días siguientes al cese de su incapacidad. 32 L.P.R.A. sec. 3077a. Finalmente, el señor Berríos alegó como justa causa que el Estado tenía constancia efectiva de la identidad de los testigos y que no había riesgo de pérdida de la evidencia objetiva.
Luego de examinar las diversas explicaciones provistas por el señor Berríos para justificar la omisión de notificar al Estado, entendemos que éstas no han establecido la existencia de justa causa o de circunstancias excepcionales que nos permitan eximirlo de cumplir con el requisito de notificación. Tampoco surge de los hechos que la notificación carezca de vitalidad o propósito.
En primer lugar, la ignorancia sobre cuál era el procedimiento dispuesto en la Ley Núm. 104 para instar una reclamación por daños contra el Estado no excusa de *564 su incumplimiento con el requisito de notificación. Es principio cardinal en nuestro ordenamiento que “la ignorancia de las leyes no excusa de su cumplimiento”. Art. 2 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 2. En armonía con este principio, el alegado desconocimiento del Derecho, imputable a la inacción del señor Berrios, no provee justa causa para no haber notificado oportunamente al Estado.
En segundo lugar, la alegada incapacidad por enfermedad del señor Berrios tampoco justifica su omisión de notificar al Estado. El señor Berrios alegó que estuvo físicamente incapacitado durante los tres meses posteriores a la fecha cuando ocurrieron los hechos por los que reclama la indemnización. Empero, no obra en el expediente del caso evidencia sobre la referida incapacidad y su duración. Aun si aceptáramos las alegaciones del señor Berrios en torno a su incapacidad física, dicha justificación no lo exime de la responsabilidad de notificar al Estado dentro de los treinta días siguientes a la fecha cuando cesó dicha incapacidad.
Como indicamos, el señor Berrios alega que cesó su incapacidad para enero de 2003 (tres meses después de ocurridos los hechos). Sin embargo, no cursó notificación alguna al Secretario de Justicia dentro de los treinta días siguientes a dicha fecha. Cerca de ocho meses más tarde, demandó y emplazó al Estado. No hay duda de que era responsabilidad del señor Berrios notificar al Estado dentro de los treinta días siguientes a la fecha cuando cesó su incapacidad. Su incapacidad física sólo tuvo el efecto momentáneo de eximirlo de cumplir con la obligación de notificar al Estado mientras ésta subsistió. Véase Rodríguez Sosa v. Cervecería India, supra. Su incapacidad temporera, por lo tanto, no lo liberó de forma absoluta de su obligación de notificar al Estado. Ante estos hechos, es forzoso concluir que el señor Berrios perdió su derecho a demandar al Estado al amparo de la Ley Núm. 104, al no notificar oportunamente al Estado de su reclamación dentro de los treinta días siguientes al cese de su alegada incapacidad.
Por otro lado, debemos resaltar que este caso presenta una situación de hechos en la que el requisito de notifica *565 ción cobra plena vigencia y propósito. Durante el período comprendido entre el 13 de octubre de 2002 (fecha del alegato incidente) y el 3 de septiembre de 2003, fecha cuando se diligenció el emplazamiento, el Estado no tuvo la oportunidad de investigar las circunstancias de los alegados hechos dañinos e inspeccionar la carretera en la que el señor Berríos alega que se cayó y sufrió daños. De haber sido notificado oportunamente, el Estado hubiese podido investigar los hechos para así evitar futuros sucesos dañinos y tramitar de forma expedita la reclamación del señor Berríos.
Entendemos que en este caso precisamente ocurrió la situación que el legislador quiso evitar. Se presentó una acción contra el Estado cuando estaba por finalizar el término prescriptivo de un año para demandar en daños; por el tiempo transcurrido el Estado está impedido de investigar adecuadamente el incidente; por causa de la omisión del señor Berríos, el Estado no cuenta con toda la información necesaria para presentar su defensa. Contrario a lo que concluyó el Tribunal de Apelaciones, entendemos que la prueba que se pueda encontrar en manos del Estado relacionada al tratamiento médico prestado al señor Berríos y los informes de la Policía, no son las únicas piezas de evidencia pertinentes y necesarias para investigar los hechos y preparar adecuadamente la defensa del Estado. Era necesario proveerle al Estado la oportunidad de investigar el lugar de los hechos en una fecha cercana a la que éstos ocurrieron. De esta forma, las autoridades estatales hubiesen tendido la oportunidad de tomar las medidas necesarias para tramitar prontamente la reclamación y evitar daños futuros.
En conclusión, la situación de hechos ante nuestra consideración no presenta circunstancias excepcionales que justifiquen eximir al reclamante de notificar al Estado. La omisión en la notificación es imputable a su propia inacción y no se justifica darle curso a una acción en daños contra el Estado, en la cual el reclamante no notificó al Secretario de Justicia según requiere la Ley Núm. 104. *566 Habiendo incumplido con el requisito de notificación sin justa causa, resolvemos que el señor Berrios está impedido de proseguir con la demanda presentada contra el Estado en el caso.
Por los fundamentos antes expuestos, procede dictar sentencia para revocar la sentencia del Tribunal de Apelaciones y reinstalar la sentencia del Tribunal de Primera Instancia, que desestimó la causa de acción del aquí recurrido por falta de notificación al Estado Libre Asociado.

Se dictará sentencia de conformidad.

 La Ley Núm. 104 de 29 de junio de 1955 (Ley Núm. 104), según enmendada, 32 L.P.R.A. see. 3077 et seq., dispuso que dicho límite sería de $15,000. En 1965, la Ley Núm. Ill de 30 de junio de 1965 (1965 Leyes de Puerto Rico 331) aclaró que la cantidad máxima compensable cuando la acción u omisión de un funcionario público cause daños a más de una persona o cuando el reclamante cuente con más de una causa de acción, será de $30,000. Empero, la Ley Núm. 30 de 25 de septiembre de 1983 (1983 Leyes de Puerto Rico 454) dispuso que la cuantía máxima compensable será de $75,000 y de $150,000 cuando, por acción u omisión, un funcionario público cause daños y perjuicios a más de una persona o cuando un reclamante tenga varias causas de acción. 32 L.P.R.A. sec. 3077. En Defendini Collazo et al. v. E.L.A., Cotto, 134 D.P.R. 28 (1993), confirmamos la validez constitucional de esos límites económicos.

 El mismo tratamiento le hemos dado al requisito de notificación en el contexto de reclamaciones contra los municipios. Es menester resaltar que el Art. 96 de la Ley Municipal de 1960, Ley Núm. 142 de 21 de julio de 1960 (1960 Leyes de Puerto Rico 526, 560-5619), adoptó el requisito de notificación al municipio. Por su parte, el Art. 15.003 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 lo mantuvo, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 L.P.R.A. see. 4703.