ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| NITZA FONSECA RESTO POR SÍ Y EN REP. DE VPS<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS Y OTROS<br><br>Recurrida<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Peticionario | KLCE202400694 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre:<br>Daños y Perjuicios<br><br>Caso Número:<br>SJ2022CV05974 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 21 de agosto de 2024.

Comparece el Estado Libre Asociado de Puerto Rico ("Estado" o "Peticionario") mediante *Petición de Certiorari* y solicita la revisión de la *Resolución* notificada el 24 de abril de 2024 por el Tribunal de Primera Instancia, Sala de San Juan ("TPI"). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la solicitud de desestimación instada por el Peticionario, por incumplimiento con el requisito de notificación previa que establece la Ley 104 del 29 de junio de 1955, según enmendada, conocida como "*Ley de Reclamaciones y Demandas contra el Estado*" ("Ley 104-1955"), 32 LPRA sec. 3077 *et seq,* y por prescripción.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* solicitado y se *Revoca* la *Resolución* recurrida.

### I.

El 6 de julio de 2022, Nitza Fonseca Resto ("señora Fonseca Resto"), por sí y en representación de su hija, la menor V.P.S., presentó una *Demanda* ante el TPI sobre daños y perjuicios en contra del Municipio

Autónomo de San Juan ("Municipio") y su aseguradora, Óptima Seguros ("Óptima"). En síntesis, la señora Fonseca Resto alegó que, el 11 de diciembre de 2021, alrededor de las 10:30p.m. V.P.S. cayó en un hoyo profundo mientras caminaba en una acera ubicada frente al Archivo General y la Biblioteca Nacional de Puerto Rico, ubicados en la Ave. de la Constitución en el Municipio de San Juan. Sostuvo, además, que el referido hoyo no era visible en horas de la noche porque el área no contaba con iluminación.

Posteriormente, el 12 de diciembre de 2022, Óptima presentó una *Demanda Contra Terceros* en contra de LUMA Energy, LLC, LUMA Energy ServCo., LLC ("LUMA") y/o la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") y la Autoridad de Acueductos y Alcantarillados ("AAA" o "Recurrida"). Óptima afirmó que el hoyo había sido creado por los terceros demandados quienes habían realizado trabajos en el lugar.

Tras varias instancias procesales, el 11 de agosto de 2023, la AAA presentó una *Demanda Contra Tercero* en contra del Departamento de Transportación y Obras Públicas ("DTOP"). La AAA adujo que el lugar donde ocurrieron los hechos se encontraba bajo la jurisdicción del DTOP. Asimismo, el 13 de septiembre de 2023, la AAA presentó una *Demanda Contra Tercero Enmendada,* a los efectos de incluir al Estado como tercero demandado. En resumidas cuentas, la AAA adujo que el Estado, a través del DTOP, tenía la responsabilidad de brindar mantenimiento y hacer las reparaciones correspondientes a las aceras y carreteras estatales. El 14 de septiembre de 2023, la AAA presentó copia del diligenciamiento del emplazamiento al Secretario de Justicia.

Luego de varios trámites, el 13 de noviembre de 2023, a solicitud de las partes, el TPI emitió una *Sentencia Parcial* mediante la cual ordenó el cierre y archivo de la causa de acción presentada en contra de Óptima y el Municipio. Así las cosas, ese mismo día, Óptima presentó una *Moción en Cumplimiento de Orden,* en la cual desistió de la demanda contra terceros instada en contra de LUMA, AEE y AAA. El 14 de noviembre de 2023, el

foro primario dictaminó otra *Sentencia Parcial*, a través de la cual decretó el cierre y archivo sin perjuicio de la causa de acción presentada en contra de los terceros demandados.

Como consecuencia, el 15 de noviembre de 2023, la señora Fonseca Resto presentó una *Moción en Solicitud para Enmendar Demanda*, a los efectos de acumular como demandados a LUMA, la AAA y a su aseguradora, MAPFRE Praico Insurance Company ("MAPFRE"). Ese mismo día, el foro de instancia autorizó mediante *Orden* la enmienda a la demanda.

El 16 de noviembre de 2023, el Estado presentó una *Moción de Desestimación*. El Estado adujo que procedía la desestimación de la demanda contra tercero instada en su contra porque la señora Fonseca Resto no había cumplido con el requisito de Notificación de Posible Demanda al Estado, conforme disponía la Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como "*Ley de Reclamaciones y Demandas contra el Estado*" ("Ley 104-1955"), 32 LPRA sec. 3077 *et seq.* Como corolario, arguyó que no había interrumpido extrajudicialmente el término prescriptivo con relación al Estado. Por tanto, sostuvo que, al momento del Estado ser acumulado como tercero demandado, el término estaba prescrito.

Luego, el 15 de diciembre de 2023, la señora Fonseca Resto presentó una *Segunda Demanda Enmendada*, con el fin de eliminar al Municipio y Óptima como partes demandadas. Ese mismo día, la señora Fonseca Resto presentó una *Tercera Demanda Enmendada*, a los fines de incluir al Estado como demandado.

Posteriormente, ante la presentación de sendas mociones de desestimación, el 21 de marzo de 2024, el TPI emitió una tercera *Sentencia Parcial*, mediante la cual desestimó la causa de acción presentada en contra de LUMA. De igual manera, el 9 de abril de 2024, el foro primario notificó una cuarta *Sentencia Parcial*, en la cual desestimó la causa de acción instada en contra de la AEE. Como corolario, el 10 de abril de 2024,

la señora Fonseca Resto presentó una *Cuarta Demanda Enmendada,* a través de la cual enmendó las cuantías reclamadas en concepto de daños y perjuicios.

El 23 de abril de 2024, la AAA presentó su *Oposición a Solicitud de Desestimación,* con relación a la solicitud de desestimación instada por el Estado. La AAA arguyó que, hasta lo resuelto por el Tribunal Supremo en *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601 (2023), desconocía de la responsabilidad del Estado. Particularmente, sostuvo que, tras la determinación de nuestro más Alto Foro, advino en conocimiento de que es el Estado, y no los municipios, el responsable del mantenimiento de las aceras y carreteras. Adujo, además, que el término de noventa días (90) dispuesto en la Ley 104-1955, *supra,* para notificar al Estado sobre una posible demanda no era de aplicación por haber mediado justa causa.

Evaluadas las posturas de las partes, el 24 de abril de 2024, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación instada por el Estado. Inconforme, el 8 de mayo de 2024, el Estado presentó una *Moción de Reconsideración.* El Estado sostuvo que, la señora Fonseca Resto, al realizar la investigación correspondiente, podía conocer a quién le pertenecía la jurisdicción, control y mantenimiento del lugar de los hechos. El 24 de mayo de 2024, el TPI denegó mediante *Resolución* la solicitud de reconsideración instada por el Estado.

Insatisfecho aún, el 24 de junio de 2024, el Estado acudió ante esta Curia mediante *Petición de Certiorari.* El Peticionario le imputó al foro primario la comisión de los siguientes errores:

> **Erró el Tribunal de Primera Instancia al no desestimar la reclamación de la señora Nitza Fonseca por incumplimiento con el requisito de notificación al Secretario de Justicia que impone la Ley de Pleitos contra el Estado.**

> **Erró el Tribunal de Primera Instancia al no desestimar la Demanda Contra Tercero instada por la Autoridad de Acueductos y Alcantarillados en contra del Estado bajo el fundamento de prescripción.**

El 22 de julio de 2024, la AAA presentó su alegato en oposición. Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente

relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

Es norma trillada que se puede demandar al ELA por los "*daños y perjuicios causados por actuaciones culposas de sus agentes o empleados en el descargo de sus funciones oficiales*", así como al agente o funcionario directamente. *De Paz Lisk v. Aponte,* 124 DPR 472, 492 (1989); *García v. E.L.A.,* 163 DPR 800 (2005).

Por virtud de la Ley 104-1955, *supra,* el Estado consintió a ser demandado en daños y perjuicios por actuaciones y omisiones culposas o negligentes de sus funcionarios, empleados o agentes, en el desempeño de sus funciones. 32 LPRA sec. 3077 (a). En lo pertinente al caso de autos, el Art. 2-A del aludido estatuto, 32 LPRA sec. 3077a, dispone lo siguiente:

(a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia. [...]

(b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.

(c) La referida notificación escrita se presentará al Secretario de Justicia **dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama**. [...]

(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere.

(e) **No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por**

**daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación** escrita en la forma y manera y dentro de los plazos prescritos en este Artículo, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.

(Énfasis suplido)

El propósito de los requisitos antes enunciados es: (1) proporcionar la oportunidad de que los cuerpos políticos puedan investigar los hechos que originan la causa de acción; (2) desalentar reclamaciones infundadas; (3) propiciar un pronto arreglo de las mismas; (4)permitir la inspección inmediata del lugar antes de que ocurran cambios; (5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; (6) advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual y; (7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando instalaciones para hospitalizar al perjudicado. *Rosario Mercado v. ELA*, 189 DPR 561 (2013), citando a *Zambrana Maldonado v. ELA*, 129 DPR 740, 755 (1992) y otros.

En *Berrios Román v. E.L.A.*, 171 DPR 549, 559 (2007), citando a *Acevedo v. Mun. de Aguadilla*, 153 D.P.R. 788, 798 (2001), nuestro más alto foro señaló que "*el requisito de notificación debe ser aplicado, de manera rigurosa, en acciones contra el Estado o los municipios por daños ocasionados por su culpa o negligencia de éstos.*" Asimismo, el requisito de notificación es de cumplimiento estricto y "*no alcanza el carácter de condición jurisdiccional*", por lo que se ha "*excusado su cumplimiento en circunstancias especiales en las cuales resultaría una grave injusticia privar a un reclamante de una legítima causa de acción*". *Berrios Román v. E.L.A., supra,* a la pág. 560, citando a: *Loperena Irizarry v. E.L.A.*, 106 DPR 357, 359 (1977); *Figueroa v. E.L.A.*, 113 DPR 327, 331 (1982); *Méndez et al. v. Alcalde de Aguadilla*, 151 DPR 853 (2000); *Rodríguez Sosa v. Cervecería India*, 106 DPR 479, 485 (1977).

No obstante, "*la existencia de justa causa no tiene el alcance de una liberación absoluta de los términos expresos del estatuto*" pues "*[s]ólo tiene el efecto momentáneo de eximir su cumplimiento mientras ella subsista*", por lo que "*el reclamante debe acreditar detalladamente la existencia de justa causa para quedar liberado de cumplir con el requisito de notificación.*" *Berrios Román v. E.L.A.*, *supra*, a la pág. 562, citando a: *Rodríguez Sosa v. Cervecería India, supra*; *Lugo v. Suárez*, 165 DPR 729 (2005); *Febles v. Romar*, 159 DPR 714 (2003); *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre la justa causa, el Tribunal Supremo ha aclarado que la existencia de la misma debe demostrarse con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable y no con excusas, vaguedades, o planteamientos estereotipados. *Lugo v. Suárez, supra*, a las págs. 738-739.

**-B-**

La Ley Núm. 107 de 13 de agosto de 2020, según enmendada, mejor conocida como "*Código Municipal de Puerto Rico*" ("Código Municipal"), 21 LPRA sec. 7001 *et seq.*, fue aprobada con el propósito de integrar, organizar y actualizar las leyes aplicables a la organización, la administración y el funcionamiento de los municipios. Véase, Exposición de Motivos del Código Municipal.

En lo atinente al caso que nos ocupa, el Artículo 1.053 del referido Código Municipal, 21 LPRA sec. 7084, dispone como sigue:

> No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:
>
> (a) En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.
>
> (b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.
>
> (c) En la imposición o cobro de contribuciones.

(d) Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.

(e) Ocurrida fuera de la jurisdicción territorial de Puerto Rico.

(f) En el desempeño de operaciones de combate por las fuerzas navales o militares en caso de guerra, invasión, rebelión u otra emergencia debidamente declarada como tal por las autoridades pertinentes.

**(g) Cuando ocurran accidentes en las carreteras o aceras estatales.**

[…]

(Énfasis suplido)

El inciso (g) del Art. 1.053 del Código Municipal fue incorporado al Art. 15.005 de la ya derogada Ley Núm. 80 de 30 de agosto de 1991, conocida como "*Ley de Municipios Autónomos*" ("Ley 80-1991"), 21 LPRA sec. 4705, mediante la Ley Núm. 143 de 6 de septiembre de 2019 ("Ley 143-2019"). Sobre el propósito del Art. 15.005 de la Ley 80-1991, *supra*, surge de la Exposición de Motivos de la Ley 143-2019 lo siguiente:

> El propósito principal de este Artículo es proveerle a los municipios la protección contra acciones o reclamaciones que pudieran menoscabar los servicios y recursos municipales. Una acción de este tipo podría tener un impacto económico directo contra sus limitados recursos y su precaria situación fiscal. Por consiguiente, un incremento sostenido en las reclamaciones radicadas contra los municipios provocaría un aumento sustancial en los costos por concepto de seguros de responsabilidad pública.

Nuestro más Alto Foro, refiriéndose al Art. 15.005 de la Ley 80-1991, *supra*, en *González Meléndez v. Mun. de San Juan et al.*, *supra*, a la pág. 616, destacó que:

> Del aludido articulado se desprende que el legislador, dentro de sus facultades constitucionales, prohibió la presentación de reclamaciones en daños y perjuicios en contra de los municipios, en la medida en que esté presente cualquiera de los incisos enunciados. En ese sentido, la aprobación del inciso (g) del Art. 15.005 de la Ley de Municipios Autónomos, supra, incluyó una medida protectora adicional a favor de los municipios, la cual está limitada a la eventualidad de que ocurra un accidente en una carretera o acera estatal. Nótese que **la Asamblea Legislativa condicionó la falta de responsabilidad del municipio y la limitó únicamente para**

**los propósitos autorizados en el Art. 15.005 de la Ley de Municipios Autónomos**, *supra*.

(Énfasis suplido)

Asimismo, el Tribunal Supremo expresó que la aprobación del inciso (g) del Art. 15.005 de la Ley 80-1991, *supra*, "*no deja margen a otra interpretación en tanto y en cuanto específicamente libera de responsabilidad a los municipios cuando ocurren accidentes en carreteras o aceras estatales, entre otras cosas*". *González Meléndez v. Mun. de San Juan et al.*, *supra*, a la pág. 621.

## III.

El Estado ha señalado que erró el TPI al no desestimar la demanda de epígrafe, toda vez que la señora Fonseca Resto incumplió, sin mediar justa causa, con el requisito de notificación establecido en el Art. 2A de la Ley 105-1955, *supra*. Sostiene, además, que el foro recurrido incidió al no desestimar la causa de acción por prescripción, toda vez que la parte agraviada no interrumpió el término, con relación al Peticionario.

Por su parte, la AAA arguye que, previo a lo resuelto el 23 de julio de 2023 en *González Meléndez v. Mun. San Juan et al.*, *supra*, los municipios respondían por daños ocurridos en carreteras y aceras ubicadas dentro de su jurisdicción, sin importar si se trataban de carreteras o aceras estatales. Por tanto, aduce que el término prescriptivo, así como el término para notificar al Estado sobre la posible acción en su contra, comenzaron a transcurrir a partir de lo determinado por nuestro más Alto Foro en el precitado caso.

Mediante el primer señalamiento de error, el Peticionario destaca que la Recurrida incumplió con el requisito de notificación dispuesto en la Ley 104-1955, *supra*, sin mediar justa causa, por lo cual no se podía iniciar una acción en su contra.

La Ley 104-1955, *supra*, establece que toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una

notificación escrita dentro del término de noventa (90) días, siguientes a la fecha en que el reclamante tuvo conocimiento del daño. Resulta menester destacar que, si el perjudicado fuera un menor, la persona que ejerza la patria potestad o la custodia, deberá cumplir con el término dispuesto en el estatuto. A modo de excepción, el referido estatuto dispone que, de mediar justa causa, se podrá relevar a una parte del cumplimiento con el requisito de notificación dentro del término de noventa (90) días.

En el caso de marras, la AAA justificó su incumplimiento con el requisito de notificación al alegar que advino en conocimiento de la posible responsabilidad del Estado, luego de lo resuelto por el Tribunal Supremo en *González Meléndez v. Mun. San Juan et al.*, *supra*. Como consecuencia, señaló que, el 23 de julio de 2023 comenzaron a transcurrir los noventa (90) días dispuestos para notificar al Secretario de Estado, conforme establece la Ley de Pleitos Contra el Estado, *supra*. Asimismo, sostuvo que, para el 13 de septiembre de 2023, fecha en la que presentó su demanda contra tercero en contra del Estado, aún no había transcurrido el término para notificación y que, por tanto, al presentar la demanda antes de que culminara el plazo, prescindió del requisito de notificar al Estado.

Contrario a lo sostenido por la AAA, lo resuelto en *González Meléndez v. Mun. San Juan et al.*, *supra,* no alteró el estado de derecho en nuestra jurisdicción. El Código Municipal, *supra*, expresamente prohíbe las acciones por daños y perjuicios en contra de los municipios cuando ocurren accidentes en las carreteras o aceras estatales. Véase, Art. 1.053 (g) del Código Municipal, *supra*. Según hemos reseñado, nuestro más Alto Foro destacó que: "*[d]el aludido articulado se desprende que el legislador, dentro de sus facultades constitucionales, prohibió la presentación de reclamaciones en daños y perjuicios en contra de los municipios, en la medida en que esté presente cualquiera de los incisos enunciados*". *González Meléndez v. Mun. San Juan et al.*, *supra,* a la pág. 616. En otras palabras, el estado de derecho vigente al momento de los hechos que dieron paso al pleito de epígrafe les confería inmunidad a los municipios por daños

ocurridos en carreteras o aceras estatales, independiente de si estas se encontraban ubicadas dentro de su demarcación territorial.

Conforme surge del expediente, la AAA fue emplazada el 12 de diciembre de 2022. Al momento de su emplazamiento, la Recurrida debió haber conocido sobre la posible responsabilidad del Estado. Una simple y oportuna investigación hubiera revelado que la Avenida de la Constitución es una carretera estatal y que, por tanto, la acera donde ocurrieron los hechos se encontraba bajo la jurisdicción del Peticionario. No obstante, el Estado nunca fue notificado conforme exige la Ley 104-1955, *supra*, ni por los perjudicados o por los presuntos cocausantes.

Somos del criterio que la falta de notificación al Estado no estuvo justificada, toda vez que la Opinión del Tribunal Supremo en *González Meléndez v. Mun. San Juan et al.*, *supra*, no alteró el estado de Derecho, toda vez que fue basado en lo claramente dispuesto en el Art. 1.053 (g) del Código Municipal, *supra*. Resulta forzoso concluir que la AAA no demostró justa causa que le eximiera de cumplir con el requisito de notificación al Secretario de Justicia. Por todo lo cual, procede la desestimación de la reclamación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. Habiéndose cometido el primer error, no resulta necesario la discusión del segundo error señalado.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se *Revoca* el dictamen recurrido. Se desestima la demanda contra el Estado, conforme a lo aquí resuelto, y se devuelve ante el TPI para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones