Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JANNETTE TORRES CUEVAS<br><br>Apelante<br><br><br>v.<br><br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br><br>Apelados | TA2025AP00716 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Sobre: Acoso Laboral; Represalias en el Empleo; Procedimiento Sumario Laboral (Ley Núm. 2 de 17 de octubre de 1961)<br><br>Caso Núm. UT2024CV00374 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de febrero de 2026.

La apelante, Jannette Torres Cuevas, comparece ante nos y solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Utuado, emitida y notificada el 3 de noviembre de 2025. Mediante la misma, el Foro primario reconsideró un previo dictamen, y desestimó la querella presentada por la apelante en su totalidad. Ello, dentro de un pleito sobre acoso laboral y represalias en el empleo incoada en contra de la parte apelada, el Estado Libre Asociado de Puerto Rico, por sí y en representación del Departamento de Salud.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada, bajo otro fundamento legal al resuelto.

**I**

El 6 de agosto de 2024, la señora Torres Cuevas presentó una querella por acoso laboral contra la parte apelada.[1] En su escrito, alegó que fue objeto de conductas hostiles y denigrantes, así como del incumplimiento de los procesos institucionales, las cuales atribuyó al señor Jesús Hernández Torres y a la señora Moraima Cruz Delgado. Además, adujo que fue víctima de represalias por haber participado en una actividad protegida, a saber, denunciar la situación de acoso laboral. En específico, alegó que fue removida del puesto de supervisora interina, en represalia por haber presentado una querella de acoso laboral en contra del señor Hernández Torres y la señora Cruz Delgado. Por consiguiente, la apelante solicitó remedios al amparo de la *Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico*, Ley Núm. 90 de 7 de agosto de 2020, según enmendada, 29 LPRA sec. 3111 *et seq.*; la *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29 LPRA sec. 194 *et seq.*; y el Artículo 4.2(b) del *Código Anticorrupción para el Nuevo Puerto Rico*, Ley Núm. 2 de 4 de enero de 2018, según enmendada, 3 LPRA sec. 1884a. En virtud de todo lo anterior, reclamó por el sufrimiento y angustias mentales, los cuales estimó en una suma ascendente a cincuenta mil dólares ($50,000.00), más el triple de los daños, y solicitó la concesión de honorarios de abogado en una suma no menor del veinticinco por ciento (25%) de la reclamación.

Luego de varias incidencias procesales innecesarias de pormenorizar, el 18 de febrero de 2025, la parte apelada presentó

---

[1] La apelante inició la reclamación judicial al amparo del procedimiento especial de carácter sumario dispuesto en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* No obstante, mediante *Resolución Interlocutoria* emitida el 31 de octubre de 2024 y notificada el 1 de noviembre de 2024, el Tribunal de Primera Instancia convirtió el procedimiento en uno ordinario.

una *Moción de Desestimación*. En su petición, argumentó, en primer lugar, que la parte apelante no agotó los remedios administrativos provistos en la Ley Núm. 90-2020, *supra*, al no cumplir con el requisito de acudir al *Negociado de Métodos Alternos para la Solución de Conflictos*, antes de presentar una acción judicial. En segundo lugar, sostuvo que la apelante se encontraba cobijada por un Convenio Colectivo vigente entre la Unión General de Trabajadores y el Departamento de Salud, el cual proveía un mecanismo exclusivo para la tramitación de controversias relacionadas con condiciones de empleo, y que dicho procedimiento tampoco fue agotado. Además, adujo que la apelante incumplió con el requisito de notificación previa establecido en la *Ley de Reclamaciones y Demandas Contra el Estado*, Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 LPRA sec. 3077 *et seq.*, al no notificar su reclamación al Secretario de Justicia. Finalmente, argumentó que la reclamación presentada al amparo de la Ley Núm. 115-1991, *supra*, carecía de mérito, al no alegarse la participación de la apelante en una actividad protegida ni establecerse el nexo causal requerido por dicho estatuto. A base de estos planteamientos, solicitó la desestimación de la querella por falta de jurisdicción al amparo de la Regla 10.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 10.2.

El 5 de marzo de 2025, la parte apelante presentó su *Oposición a Moción de Desestimación*. En esta, planteó que no estaba obligada a acudir al *Negociado de Métodos Alternos para la Solución de Conflictos*, al alegar que, conforme a las *Guías Sobre el Acoso Laboral en Puerto Rico* aprobadas por la Oficina de Administración para la Transformación de los Recursos Humanos, el aludido trámite es de carácter voluntario. Además, aunque reconoció la existencia de un Convenio Colectivo suscrito entre la Unión General de Trabajadores de Puerto Rico y el Departamento de Salud, argumentó que este no

le resultaba aplicable por ocupar un cargo gerencial. Finalmente, en cuanto al planteamiento relacionado con la falta de notificación al Secretario de Justicia, adujo que este ya había sido atendido por el Tribunal de Primera Instancia mediante *Resolución* emitida el 1 de noviembre de 2024.[2]

El 21 de marzo de 2025, la parte apelada presentó su *Réplica a Oposición a Moción de Desestimación*.[3] En apretada síntesis, sostuvo que la apelante se encontraba sujeta al Convenio Colectivo vigente entre el Departamento de Salud y la Unión General de Trabajadores, por cuanto dicho convenio regulaba expresamente la categoría de empleados en funciones interinas y les imponía el deber de agotar el procedimiento de querellas y arbitraje allí establecido. Enfatizó que la apelante incumplió con dicho mecanismo y que, además, omitió acudir al *Negociado de Métodos Alternos para la Solución de Conflictos* conforme exigía la Ley Núm. 90-2020, *supra*, como requisito previo al trámite judicial. A base de lo anterior, argumentó que el Tribunal de Primera Instancia carecía de jurisdicción para atender la reclamación incoada.

Luego de ciertas incidencias, el 3 de noviembre de 2025, el Tribunal de Primera Instancia emitió la *Sentencia* aquí apelada.[4] Mediante esta, sostuvo su determinación previa en cuanto a la

---

[2]Mediante *Resolución* emitida el 31 de octubre de 2024 y notificada el 1 de noviembre de 2024, el Tribunal de Primera Instancia concluyó que la notificación de la querella satisfizo el debido proceso de ley, aun cuando contenía un término incorrecto para contestar. Razonó que el error señalado no ocasionó perjuicio indebido a la parte querellada, toda vez que esta tuvo conocimiento de la reclamación laboral instada en su contra y compareció mediante *Comparecencia Especial y Moción de Desestimación* el 30 de agosto de 2024. En consecuencia, declaró *No Ha Lugar* la referida *Comparecencia Especial y Moción de Desestimación* presentada por el Estado Libre Asociado de Puerto Rico, por sí y en representación del Departamento de Salud, y ordenó la continuación de los procedimientos por la vía ordinaria.

[3]Junto con la *Réplica a Oposición a Moción de Sentencia Sumaria*, la parte apelada presentó el Convenio Colectivo suscrito entre el Departamento de Salud y la Unión General de Trabajadores de Puerto Rico.

[4]Conviene puntualizar que la *Sentencia* emitida y notificada el 3 de noviembre de 2025 fue dictada en reconsideración de la *Sentencia Parcial* emitida y notificada el 10 de septiembre de 2025. Mediante esta última, el Tribunal de Primera Instancia desestimó la causa de acción por acoso laboral al concluir que la apelante debía acudir al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial, conforme dispone el Artículo 10 de la Ley Núm. 90-2020, 29 LPRA sec. 3120, previo a la presentación de la demanda. En cuanto a la reclamación de daños por represalias, determinó que la misma subsistía.

causa de acción por acoso laboral al concluir que la apelante debía acudir previamente al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial y, respecto a la reclamación de daños por represalias, acogió los planteamientos formulados por la parte apelada y declaró *Ha Lugar* la *Moción de Desestimación* presentada el 18 de febrero de 2025. En lo pertinente a la referida causa de acción por represalias, concluyó que la apelante ocupaba un puesto dentro de la *unidad apropiada* regulada por el Convenio Colectivo vigente entre el Departamento de Salud y la Unión General de Trabajadores, por lo que le resultaban aplicables sus disposiciones, incluido el procedimiento obligatorio de arbitraje allí establecido. En consecuencia, desestimó en su totalidad la querella presentada por la parte apelante, al concluir que carecía de jurisdicción para atender las causas de acción allí invocadas.

Inconforme con el dictamen, el 21 de noviembre de 2025, la apelante presentó una *Moción de Reconsideración.* No obstante, esta fue denegada por el Tribunal de Primera Instancia mediante *Resolución Interlocutoria* emitida el 25 de noviembre de 2025 y notificada al día siguiente.

Aun inconforme, el 26 de diciembre de 2025, la apelante compareció ante este Foro mediante la presentación del recurso de epígrafe. En el mismo, señaló la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al declarar Ha Lugar la segunda Moción de Desestimación de la parte apelada mediante una Reconsideración, a pesar estar basada en fundamentos similares de una sentencia previa que advino final y firme.

> Erró el Tribunal de Primera Instancia al reconsiderar la Sentencia Parcial y revocar su determinación previa, sin que mediaran argumentos distintos, ni circunstancias extraordinarias que justificaran la desestimación total.

Luego de examinar el expediente de autos, estamos en posición de disponer del presente asunto.

## II

La doctrina de la *inmunidad soberana* impide que se promueva un proceso judicial en contra del Estado, salvo éste preste su consentimiento a tal fin. *Berríos Román v. E.L.A.*, 171 DPR 549, 555 (2007). La misma postula que, como norma, la entidad gubernamental no responderá por razón de los daños ocasionados por sus oficiales, agentes o empleados en el desempeño de sus funciones. No obstante, mediante la aprobación de la *Ley de Pleitos Contra el Estado*, Ley Núm. 104 de 29 de junio de 1955, 32 LPRA sec. 3077 *et seq*, el Estado consintió a ser demandado en daños y perjuicios causados por acción u omisión, culposa o negligente, de cualquiera de sus funcionarios, agentes o empleados, o cualquier otra persona actuando en su capacidad oficial dentro del marco de su función, cargo o empleo. 32 LPRA sec. 3077 (a); *Toro Rivera v. ELA*, 194 DPR 393, 405 (2015); *Valle v. ELA*, 157 DPR 1, 16-17 (2002). Sin embargo, su anuencia está expresamente sujeta a ciertas restricciones. En cuanto a lo que nos ocupa, y como parte de las exigencias pertinentes, el estado de derecho reconoce que el requisito de *notificación* al Secretario de Justicia constituye una condición previa para presentar una demanda contra el ente gubernamental. Al respecto, el Artículo 2-A de la Ley Núm. 104, *supra*, dispone como sigue:

> (a)Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia. Los miembros de la población correccional reclusos en una institución carcelaria, ya sean convictos o sumariados, estarán exentos de cumplir con el requisito de notificación antes establecido.

> (b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por

diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.

(c) La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

(d) [...]

(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en este Artículo, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.

(f) [...].

32 LPRA sec. 3077a.

El requisito de notificación persigue el propósito de advertir al Estado sobre la posible radicación de una acción judicial en su contra para que así pueda activar sus recursos de investigación con prontitud. *Romero Arroyo v. E.L.A.*, 127 DPR 724, 734 (1991). Se ha reconocido que la exigencia del aviso previo a la autoridad correspondiente, cumple con lo siguiente: 1) proporcionar la oportunidad de que los cuerpos políticos puedan investigar los hechos que originan la causa de acción; 2) desalentar reclamaciones infundadas; 3) propiciar un pronto arreglo de las mismas; 4) permitir la inspección inmediata del lugar antes de que ocurran cambios; 5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6) advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual y; 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento

médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *Toro Rivera v. ELA*, supra, pág. 411; *Rosario Mercado v. ELA,* 189 DPR 561, 566 (2013); *Zambrana Maldonado v. E.L.A.,* 129 DPR 740, 755 (1992).

La doctrina vigente es enfática al disponer que la aplicación del requisito de notificación es una de carácter riguroso. *Acevedo v. Mun. de Aguadilla*, 153 DPR 788, 798 (2001). Sin embargo, la observancia de dicha exigencia no alcanza condición de jurisdiccional, por lo que se reputa como de *cumplimiento estricto. Rosario Mercado v. ELA*, supra, págs. 566-567; *Méndez et al. v. Acalde de Aguadilla,* 151 DPR 853, 861 (2000). Siendo de este modo, dada su naturaleza, el periodo establecido por ley para la oportuna notificación al Estado, admite la existencia de *justa causa. Rosario Mercado v. ELA*, supra, pág. 567; *Berríos Román v. E.L.A.*, supra, pág. 562; *Passalacqua v. Mun. de San Juan*, 116 DPR 618, 629-630 (1985). De ahí que se ha excusado "su cumplimiento en circunstancias especiales en las cuales resultaría una grave injusticia privar a un reclamante de una legítima causa de acción." *Berríos Román v. E.L.A.,* supra, 560, citando a *Rodríguez Sosa v. Cervecería India,* 106 DPR 479, 485 (1977). A manera de ejemplo, se ha resuelto que la notificación al Estado es innecesaria en las siguientes circunstancias: la defensa de falta de notificación es renunciada por el Estado; el funcionario a quien se ha de notificar y contra el cual se dirige la acción es el mismo, por lo que posee conocimiento personal sobre los hechos; el riesgo de que la prueba objetiva desaparezca es mínimo y el Estado puede corroborarla fácilmente; se entabla una acción directa contra la aseguradora; una parte presenta una reconvención compulsoria, luego de que la entidad estatal inicia una acción en su contra en el término dispuesto en Ley para notificar; la parte ha demandado y diligenciado el emplazamiento en los noventa que requiere la ley

para notificar; y la tardanza no es imputable al demandante y torna inútil la notificación. *Toro Rivera v. ELA*, supra, págs. 412-413.

Ahora bien, las excepciones creadas por vía de jurisprudencia, no tienen el efecto de convertir en inconsecuentes las exigencias de la Ley Núm. 104, *supra. Rosario Mercado v. ELA*, supra, pág. 567. Del mismo modo, "[e]l hecho de que el Estado posea cierta evidencia es insuficiente para [eximir] del requisito de notificación [al demandante], pues se le privó de entrevistar testigos en una fecha cercana a los acontecimientos". *Íd.*, a la pág. 572. Siendo así, "todo demandante tiene que explicar [detalladamente] la tardanza en notificar al Estado conforme lo establece el Art. 2A de la Ley Núm. 104. De no ajustarse a nuestras directrices, el reclamante pierde su derecho a ir contra el Estado". *Toro Rivera v. ELA*, supra, pág. 413 citando a *Rosario Mercado v. ELA*, supra, pág. 567.

**III**

En el recurso ante nuestra consideración, la parte apelante sostiene que el Tribunal de Primera Instancia erró al reconsiderar la *Sentencia Parcial* previamente emitida y, como resultado de ello, desestimar en su totalidad la querella presentada, sin que mediara la presentación de argumentos distintos ni circunstancias extraordinarias que justificaran tal curso de acción. Mediante la *Sentencia* aquí apelada, el foro primario acogió los planteamientos de la parte apelada y concluyó que la apelante estaba sujeta al Convenio Colectivo vigente, por lo que debía acudir al procedimiento obligatorio de arbitraje allí dispuesto, razón por la cual determinó que carecía de jurisdicción para atender la controversia. Cabe señalar que, mediante el referido dictamen, el Tribunal de Primera Instancia modificó su determinación anterior únicamente en cuanto a la causa de acción por represalias presentada al amparo de la Ley Núm. 115, *supra.* En cambio, sostuvo la desestimación de la reclamación por acoso laboral previamente decretada mediante

*Sentencia Parcial,* al concluir que la apelante debía acudir al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial previo a la radicación de la *Demanda* de epígrafe. Habiendo entendido sobre los referidos argumentos a la luz del derecho aplicable, confirmamos, por otros fundamentos, la determinación apelada.

Al examinar sus planteamientos, así como el trámite procesal habido en el pleito, a la luz de la norma jurídica aplicable, resolvemos coincidir con la determinación final de Tribunal de Primera Instancia, ello en virtud del principio general en materia de derecho apelativo que dispone que la revisión que ejecuta el foro intermedio opera en cuanto a la corrección de la determinación del adjudicador de hechos, independientemente del fundamento que evoque en el dictamen. Así, cuando el tribunal sentenciador concede un remedio procedente en derecho, aun cuando lo haga bajo una premisa errónea, el dictamen en cuestión habrá de prevalecer. *Pueblo de Puerto Rico v. José Pérez Rodríguez,* 159 DPR 554, 566 (2003); *Asociación de Pescadores de Punta Figueras, Inc. et al. v. Marina de Puerto del Rey, Inc. et al.,* 155 DPR 906, 920 (2001); *Raquel Álvarez Figueredo v. Sebastián González Lamela,* 134 DPR 374, 380 (1993); *Díaz Martínez v. Policía de Puerto Rico,* 134 DPR 144, 156-157 (1993).

Un examen del quehacer adjudicativo del asunto de epígrafe nos lleva a concluir que, si bien la determinación recurrida es correcta en su resultado, el fundamento que le sirve de base es erróneo. En ese sentido, diferimos del criterio del Juzgador de primera instancia en cuanto a que la apelante estuviera sujeta, de forma clara e inequívoca, al Convenio Colectivo vigente entre el Departamento de Salud y la Unión General de Trabajadores. Al tomar como ciertas las alegaciones de la querella, conforme exige la Regla 10.2 de Procedimiento Civil, *supra,* surge que la apelante se

desempeñaba como empleada de confianza. A ello se suma que, entre los documentos sometidos ante nuestra consideración, obra una *Certificación,* emitida por la Oficina de Recursos Humanos y Relaciones Laborales, fechada el 12 de septiembre de 2025, en la cual se consigna que la apelante ocupaba un puesto clasificado como de confianza. Al remitirnos al Convenio Colectivo, advertimos que este excluye expresamente de su ámbito de aplicación a personal de confianza, según dispone su Artículo 5, Sección 2, intitulada *Personal excluido.* Además, al examinar el Convenio Colectivo, no surge disposición alguna que establezca un procedimiento adjudicativo específico para la tramitación de querellas relacionadas con la remoción de un interinato o reclamaciones de represalias vinculadas a dicha designación. El Artículo 18, intitulado *Pago Por Labor Interina,* se limita a regular los requisitos, criterios y compensación aplicables a la labor interina, así como su término máximo, sin contemplar un mecanismo de arbitraje para controversias como la aquí planteada. Así, del expediente ante nuestra consideración no surge base suficiente para concluir que la apelante estuviera obligada a agotar el procedimiento administrativo allí establecido, por lo que la desestimación no puede sostenerse válidamente sobre ese particular.

Ahora bien, tal cual reseñamos, la doctrina de la *inmunidad soberana* constituye un impedimento legal cuyo efecto es suprimir el derecho a promover un pleito en contra del ente gubernamental, salvo que éste preste su anuencia a tal fin. Al amparo de la Ley Núm. 104, *supra,* el Estado consintió a responder por los daños y perjuicios ocasionados por la culpa o negligencia de sus funcionarios y agentes. No obstante, la eficacia de dicho curso de acción está sujeta al riguroso cumplimiento de determinadas exigencias. En lo pertinente, la *notificación* de la reclamación al Secretario de Justicia, ello dentro de los noventa (90) días siguientes

a la fecha en que se adviene al conocimiento del daño cuya vindicación se pretende solicitar, se perfila como el criterio de umbral que activa el empleo de la maquinaria judicial para promover el pleito contra el Estado. Por tanto, a los fines de ejecutar su derecho a demandar, el reclamante viene obligado a advertir a la autoridad pertinente, con especificidad y suficiencia, los términos y fundamentos de su causa de acción. Sin embargo, conforme esbozáramos, el referido requisito es uno de *cumplimiento estricto*, aunque admite *justa causa* capaz de excusar su inobservancia en aquellas circunstancias en las que se salvaguarden los propósitos que persigue la notificación. No obstante, el estado de derecho es enfático al disponer que su aplicación es de carácter riguroso. De esta manera, corresponde al reclamante articular de forma detallada y concreta cualquier alegada tardanza en notificar al Estado conforme exige el Artículo 2-A de la Ley Núm. 104, *supra*, pues, de no hacerlo, se expone a perder el derecho a incoar acción judicial alguna en su contra.

En resumen, cuando se pretende promover una acción sobre responsabilidad extracontractual en contra del Estado, el interesado debe actuar conforme al plazo dispuesto por ley, so pena de que su incumplimiento, en ausencia de justificación válida, redunde en privarle de ejecutar los derechos que en su día pudieron haberle asistido.

En la presente causa, colegimos que la acción incoada por Torres Cuevas sobre daños por represalias al amparo de la Ley 115, *supra*, se encuentra comprendida dentro del marco de aplicación de la Ley 104, *supra*. Ciertamente la omisión de la apelante en cuanto a notificar oportunamente al Secretario de Justicia afectó su capacidad para vindicar judicialmente su reclamación de daños, toda vez que incumplió con un requisito de cumplimiento estricto impuesto por el referido Artículo 2-A de la Ley Núm. 104, *supra*.

Conforme surge del expediente, el daño alegado ocurrió el 26 de octubre de 2021. Según las propias alegaciones de la querella, en esa fecha fue removida de su puesto de supervisora interina. A partir de ese momento comenzó a transcurrir el término de noventa (90) días para notificar, por escrito, al Secretario de Justicia los contornos de la reclamación, los hechos que le servían de fundamento y la eventual intención de promover una acción judicial en su contra. No obstante, tomando como ciertas sus propias alegaciones, no fue hasta, alegadamente el 7 de agosto de 2023 que la apelante notificó su intención de demandar al Estado,[5] y el 6 de agosto de 2024 que presentó el caso de epígrafe, actuaciones realizadas fuera del término estatutario dispuesto por la Ley. Destacamos que, del expediente no surge que la apelante haya articulado *justa causa* alguna que explique o excuse dicha tardanza. Así, siendo la notificación un requisito indispensable para la efectiva tramitación de una reclamación de daños contra el ente gubernamental, su incumplimiento, en ausencia de justificación válida, priva a la parte reclamante del derecho a demandar al Estado al amparo de la Ley Núm. 104, *supra*.

En mérito de lo anterior, confirmamos, aunque por distinto fundamento, la *Sentencia* aquí apelada. La ausencia de notificación al Secretario de Justicia, sin justificación alguna, mermó la capacidad investigativa del Estado y provocó que la parte apelante perdiera su derecho a demandar al amparo de la Ley Núm. 104-1955, *supra*. Asimismo, confirmamos la determinación del Tribunal de Primera Instancia que desestimó la causa de acción por acoso laboral, al concluir que la apelante debía acudir previamente al Negociado de Métodos Alternos para la Solución de Conflictos de la

---

[5]Es menester destacar que, del contenido de la *Querella* de epígrafe, no surge que la apelante haya especificado a qué funcionario o dependencia notificó su intención de presentar una reclamación judicial contra el Estado.

Rama Judicial, conforme dispone el Artículo 10 de la Ley Núm. 90-2020, 29 LPRA sec. 3120.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones